IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN STOKES, | : | CASE NO. 2:15-cv-01520-JP |
| Plaintiff, | : | |
| vs. | : | |
| REALPAGE, INC., | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT REALPAGE, INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT**

RealPage, Inc. ("RealPage"), through its undersigned counsel, answers the Complaint ("Complaint") filed by Plaintiff Helen Stokes ("Plaintiff"). RealPage generally denies all allegations in the Complaint that RealPage does not expressly admit in this Answer. RealPage further denies that it willfully or negligently violated any law, either individually or collectively, with any other individual or entity.

RealPage responds to the specific allegations in the enumerate paragraphs in the Complaint as follows:

## I. Preliminary Statement

1. In response to paragraph 1 of the Complaint, RealPage admits that Plaintiff purports to bring this action asserting alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). RealPage denies the remaining allegations in paragraph 1 of the Complaint.

## II. Parties

2. RealPage denies the allegations in paragraph 2 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

3. In response to paragraph 3, RealPage admits that in certain instances it engages in the activities of a consumer reporting agency as that term is defined by the FCRA. RealPage also admits that it conducts business in the Commonwealth of Pennsylvania. RealPage also admits that its principal place of business is at 4000 International Parkway, Carrolton, TX 75007-1913. RealPage denies the remaining allegations in paragraph 3 of the Complaint.

## III. Jurisdiction and Venue

4. In response to paragraph 4 of the Complaint, RealPage admits that 15 U.S.C. § 1681p and 28 U.S.C. § 1331 confer jurisdiction over matters arising under the FCRA. RealPage denies the remaining allegations in paragraph 4 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

5. RealPage denies the allegations in paragraph 5 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

## IV. Alleged Factual Allegations

6. In response to paragraph 6, RealPage admits that in certain instances it engages in the activities of a consumer reporting agency as that term is defined by the FCRA. RealPage denies the remaining allegations in paragraph 6 of the Complaint.

7. RealPage denies the allegations in paragraph 7 of the Complaint.

8. RealPage denies the allegations in paragraph 8 of the Complaint.

9. RealPage denies the allegations in paragraph 9 of the Complaint.

10. RealPage admits that in certain instances it engages in the activities of a consumer reporting agency as that term is defined by the FCRA, and that 15 U.S.C. § 1681e(b) states that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." RealPage denies the remaining allegations of paragraph 10 of the Complaint.

11. RealPage admits that in certain instances it engages in the activities of a consumer reporting agency as that term is defined by the FCRA, and that 15 U.S.C. § 1681g(a) delineates what information a consumer reporting agency discloses to a consumer upon request. RealPage denies the remaining allegations of paragraph 11 of the Complaint.

12. RealPage denies the allegations in paragraph 12 of the Complaint.

13. RealPage denies the allegations in paragraph 13 of the Complaint.

14. RealPage denies the allegations in paragraph 14 of the Complaint.

15. RealPage denies the allegations in paragraph 15 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

16. RealPage denies the allegations in paragraph 16 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

17. RealPage denies the allegations in paragraph 17 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

18. RealPage denies the allegations in paragraph 18 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

19. RealPage denies the allegations in paragraph 19 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

20. RealPage denies the allegations in paragraph 20 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

21. RealPage denies the allegations in paragraph 21 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

22. RealPage denies the allegations in paragraph 22 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

23. RealPage denies the allegations in paragraph 23 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

24. RealPage denies the allegations in paragraph 24 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

25. RealPage denies the allegations in paragraph 25 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

26. RealPage denies the allegations in paragraph 26 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

27. RealPage denies the allegations in paragraph 27 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

28. In response to paragraph 28 of the Complaint, RealPage admits that it provided a report relating to a Helen Stokes to one of its clients on October 20, 2014. RealPage denies all remaining allegations in paragraph 28 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

29. RealPage denies the allegations in paragraph 29 of the Complaint.

30. In response to paragraph 30, RealPage admits that AOPC is a source of Pennsylvania court records, that the Pennsylvania State Police is a source of law enforcement records, and that in certain instances RealPage engages in the activities of a consumer reporting agency as that term is defined by the FCRA. RealPage denies the remaining allegations in paragraph 30 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

31. In response to paragraph 31, RealPage admits that AOPC is a source of Pennsylvania court records. RealPage denies the allegations in paragraph 31 of the Complaint

to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 31 of the Complaint.

32. RealPage denies the allegations in paragraph 32 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 32 of the Complaint.

33. In response to paragraph 33 of the Complaint, RealPage admits that AOPC is a source of Pennsylvania court records. RealPage denies the allegations in paragraph 33 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 33 of the Complaint.

34. RealPage denies the allegations in paragraph 34 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

35. In response to paragraph 35 of the Complaint, RealPage admits that AOPC is a source of Pennsylvania court records and that it provides a LifeCycle file. RealPage denies the allegations in paragraph 35 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, RealPage admits that AOPC is a source of Pennsylvania court records. RealPage denies the allegations in paragraph

36 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 36 of the Complaint.

37. RealPage denies the allegations in paragraph 37 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

38. RealPage denies the allegations in paragraph 38 of the Complaint.

39. RealPage denies the allegations in paragraph 39 of the Complaint to the extent the allegation may relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 39 of the Complaint.

40. RealPage denies the allegations in paragraph 40 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 40 of the Complaint.

41. RealPage denies the allegations in paragraph 41 of the Complaint to the extent the allegations relate to other parties because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations. RealPage denies the remaining allegations in paragraph 41 of the Complaint.

42. RealPage denies the allegations in paragraph 42 of the Complaint.

43. RealPage denies the allegations in paragraph 43 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

44. RealPage denies the allegations in paragraph 44 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

45. In response to paragraph 45 of the Complaint, RealPage admits that on January 8, 2015, counsel for Helen Stokes sent an email to RealPage. RealPage denies the allegation that Helen Stokes assisted her counsel because RealPage lacks knowledge or information sufficient to form a belief about the truth of that allegation. RealPage denies all remaining allegations in paragraph 45 of the Complaint.

46. In response to paragraph 46 of the Complaint, RealPage admits that one or more of its representatives spoke to Helen Stokes or her counsel on January 9, 2015. RealPage denies all remaining allegations in paragraph 46 of the Complaint.

47. In response to paragraph 47 of the Complaint, RealPage admits that it sent counsel for Helen Stokes a consumer report that was based on the consumer's file as that file was revised as a result of its investigation on January 14, 2015. RealPage denies the remaining allegations in Paragraph 47 of the Complaint.

48. RealPage denies the allegations in paragraph 48 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

49. In response to paragraph 49 of the Complaint, RealPage admits that it provided a report relating to a Helen Stokes to one of its clients on or around January 13, 2015. RealPage denies all remaining allegations in paragraph 49 of the Complaint.

50. RealPage denies the allegations in paragraph 50 the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

51. In response to paragraph 51, RealPage admits that Helen Stokes requested a copy of her file with RealPage in late January 2015. RealPage denies all remaining allegations in paragraph 51 of the Complaint.

52. In response to paragraph 52, RealPage admits that it sent counsel for Helen Stokes all of the information on Helen Stokes recorded and retained by RealPage on February 3, 2015. RealPage denies all remaining allegations in paragraph 52 of the Complaint.

53. In response to paragraph 53, RealPage admits that counsel for Helen Stokes requested a file disclosure on February 18, 2015. RealPage admits that RealPage sent counsel for Helen Stokes all of the information on Helen Stokes recorded and retained by RealPage on February 18, 2015. RealPage also admits that it sent to counsel for Helen Stokes a historic consumer report which was retained in the file of its customer. RealPage denies all remaining allegations in paragraph 53 of the Complaint.

54. RealPage denies the allegations in paragraph 54 of the Complaint.

55. RealPage denies the allegations in paragraph 55 of the Complaint.

56. RealPage denies the allegations in paragraph 56 of the Complaint.

### V. Class Action Allegations

57. In response to paragraph 57 of the Complaint, RealPage admits that Plaintiff seeks to bring this action individually and on behalf of a putative class. RealPage denies that the proposed class meets the requirements under Fed. R. Civ. P. 23 and denies all remaining allegations in paragraph 57 of the Complaint.

58. In response to paragraph 58 of the Complaint, RealPage admits that it uses reasonable practices and procedures to prepare and provide reports to its clients. RealPage denies the remaining allegations in paragraph 58 of the Complaint.

59. RealPage denies the allegations in paragraph 59 of the Complaint.

60. RealPage denies the allegations in paragraph 60 of the Complaint.

61. RealPage denies the allegations in paragraph 61 of the Complaint.

62. RealPage denies the allegations in paragraph 62 of the Complaint.

63. RealPage denies the allegations in paragraph 63 of the Complaint.

## VI.     Alleged Claims

### Claim One – FCRA Section 1681e(b) (Purported Class Claim)

64. RealPage incorporates its responses to paragraphs 1 through 63 as if fully set forth herein.

65. In response to paragraph 65, RealPage admits that in certain instances it engages in the activities of a consumer reporting agency as that term is defined by the FCRA. RealPage denies the remaining allegations in paragraph 65 of the Complaint.

66. RealPage denies the allegations in paragraph 66 of the Complaint because RealPage lacks knowledge or information sufficient to form a belief about the truth of those allegations.

67. RealPage denies the allegations in paragraph 67 of the Complaint.

### Claim Two – FCRA Section 1681g(a) (Purported Class Claim)

68. RealPage incorporates its responses to paragraphs 1 through 67 as if fully set forth herein.

69. RealPage denies the allegations in paragraph 69 of the Complaint.

## VII. Jury Trial Demand

70. In response to paragraph 70 of the Complaint, RealPage admits that Plaintiff demands trial by jury on all issues so triable. RealPage denies the remaining allegations of the paragraph 70 of the Complaint.

## VII. Prayer For Relief

RealPage denies that Plaintiff is entitled to the relief she seeks or any recovery against it.

## ADDITIONAL DEFENSES

Without admitting to the truth of any of the allegations in the Complaint that have been previously denied, and without admitting or acknowledging that RealPage bears any burden of proof as to the allegations in the Complaint, RealPage asserts the additional defenses provided below. In addition, RealPage intends to rely upon any defenses that become available or apparent during pretrial proceedings and discovery in this action, and RealPage reserves the right to amend this Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief can be granted against RealPage and fails to state facts sufficient to entitle Plaintiff to the relief sought.

**SECOND ADDITIONAL DEFENSE**

The Complaint is barred, in whole or in part, to the extent that Plaintiff or the putative class members lack statutory or Constitutional standing due to a lack of actual injury-in-fact.

**THIRD ADDITIONAL DEFENSE**

If any damages are awarded against RealPage, then the Complaint is subject to a setoff in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. RealPage is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

**FOURTH ADDITIONAL DEFENSE**

Any damages allegedly suffered by Plaintiff were not caused by RealPage, but by intervening causes.

**FIFTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are the result of acts, errors, and omissions of third parties not controlled by RealPage, and those third parties were the sole cause of any such damages.

**SIXTH ADDITIONAL DEFENSE**

Plaintiff's alleged damages, if any, are speculative or uncertain and, therefore, are not compensable.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury, damages, or cognizable harm, whether actual, presumed or otherwise.

## EIGHTH ADDITIONAL DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions. Such acts, errors, and omissions were either the sole cause of any alleged injury or damage, or, in the alternative, were the result of Plaintiff's comparable negligence, comparative causation, or comparative responsibility. Accordingly, RealPage asks the Court to reduce any judgment against RealPage by the degree of negligence or causation attributed to Plaintiff or any other persons.

## NINTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect herself from damage, if any, and failed to mitigate any such alleged damages.

## TENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against RealPage to the extent the Complaint and each of its purported causes of action are barred by the doctrines of waiver, accord and satisfaction, arbitration and award, contributory negligence, assumption of risk, duress, failure of consideration, fraud, injury by fellow servant, license, payment, illegality, laches, estoppel, res judicata, and/or release.

**ELEVENTH ADDITIONAL DEFENSE**

Plaintiff cannot recover against RealPage to the extent that the Complaint and each of its purported causes of action are barred by any applicable statute of frauds or statute of limitations.

**TWELFTH ADDITIONAL DEFENSE**

The Complaint is barred, in whole or in part, to the extent that Plaintiff or the putative class members have not taken action necessary to avail themselves of the rights they claim under the FCRA.

**THIRTEENTH ADDITIONAL DEFENSE**

Plaintiff's claims for actual, punitive, or exemplary damages under any provision of law, other than the FCRA, are preempted by the FCRA.

**FOURTEENTH ADDITIONAL DEFENSE**

Plaintiff is not entitled to recover actual, punitive, or exemplary damages under the FCRA because RealPage has not negligently or willfully failed to comply with the FCRA.

**FIFTEENTH ADDITIONAL DEFENSE**

RealPage acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time that it so acted.

**SIXTEENTH ADDITIONAL DEFENSE**

RealPage reserves the right to assert additional defenses as they become known.

## PRAYER FOR RELIEF

WHEREFORE, RealPage prays for judgment as follows:

(a) That Plaintiff take nothing by reason of her Complaint in this matter;

(b) That judgment be rendered in favor of RealPage and that the Complaint be dismissed with prejudice;

(c) that RealPage be awarded its costs of suit in this matter, including reasonable attorneys' fees if available; and

(d) For such other and further relief as the Court deems just and proper.

Dated:  June 2, 2015
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By:  *s/ Mark A. Aronchick*
   Mark A. Aronchick (I.D. No. 20261)
   Sharon F. McKee (I.D. No. 81499)
One Logan Square
18th & Cherry Streets, 27th Floor
Philadelphia, PA  19103-6933
Telephone:  (215) 568-6200
Telecopier:  (215) 568-0300
Email: maronchick@hangley.com
       smckee@hangley.com

Ronald I. Raether, Jr. (*pro hac vice* forthcoming)
Martin A. Foos (*pro hac vice* forthcoming)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-3700
Telecopier:  (937) 227-3717
Email: rraether@ficlaw.com
       mfoos@ficlaw.com

*Attorneys for Defendant RealPage, Inc.*

# **CERTIFICATE OF SERVICE**

I certify that on the 2nd day of June, 2015, I electronically filed the foregoing Answer to Plaintiff's Complaint with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

James A. Francis, Esq.
John Soumilas, Esq.
David A. Searles, Esq.
Lauren KW Brennan, Esq.
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Telecopier: (215) 940-8000
Email: jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Sharon M. Dietrich, Esq.
Michael G. Hollander, Esq.
COMMUNITY LEGAL SERVICES
1424 Chestnut Street
Philadelphia, PA 19102
Telephone: (215) 981-3719
Telecopier: (215) 981-0434
Email: sdietrich@clsphila.org
mhollander@clsphila.org

*Attorneys for Plaintiff*

*s/ Mark A. Aronchick*
Mark A. Aronchick