IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HELEN STOKES | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| REALPAGE, INC. | : | NO. 15-1520 |

## FEDERAL RULE OF CIVIL PROCEDURE 16 PRETRIAL SCHEDULING ORDER
## STANDARD TRACK CASES

**AND NOW, TO WIT**, this 15th day of July, 2015, following a preliminary pretrial conference, **IT IS ORDERED** as follows:

1. All discovery shall proceed forthwith and continue in such manner as will assure that all requests for and responses to discovery will be served, noticed, and completed by **December 15, 2015**.

2. A status conference will be held on **December 17, 2015,** at **11:00 a.m.** before the Honorable John R. Padova. This conference will be held in chambers, Room 17613.

3. On or before **November 10, 2015**, counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report, deposition, or answer to expert interrogatory. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel for every other party on or before **November 24, 2015**.

4. Daubert motions shall be filed no later than **December 15, 2015.**

5. Dispositive motions shall be filed no later than **January 15, 2016**.

No later than 14 days prior to the filing of any summary judgment motion pursuant to Federal Rule of Civil Procedure 56, the parties shall meet and confer about the material facts.

The moving party's initial filing must include a Concise Statement of Stipulated Material Facts, which sets forth (in numbered paragraphs) material facts and important background facts that the parties agree are not in dispute for purposes of Summary Judgment. When possible, the parties should include citations to the summary judgment record for each stipulated fact.

To the extent that any party seeks to rely on facts not included in the Concise Statement of Stipulated Facts, it shall set forth those facts in a Concise Statement of Additional Facts. Like the Statement of Stipulated Facts, the Statement of Additional Facts shall be organized in numbered paragraphs. The party shall provide citations to the precise pages of the summary judgment record that support each factual assertion in the Statement of Additional Facts.

6. Motion for class certification shall be filed no later than **January 15, 2016**.

7. On or before **February 9, 2016**, counsel for each party shall serve upon counsel for every other party:

(a) the original or a copy of each exhibit they expect to offer at trial in furtherance of their respective contentions. Each party shall mark its trial exhibits in advance of trial with consecutive numbers appropriately prefixed with an identifying letter of counsel's choice (i.e., P-1, P-2; D-1, D-2);

(b) a *curriculum vitae* for each expert witness expected to testify; and

(c) a specific identification of each discovery item expected to be offered into evidence.

8. All parties shall prepare and file with the Clerk of Court their pretrial memoranda in accordance with this Order and Local Rule of Civil Procedure 16.1(c), as follows:

Plaintiffs - on or before **February 9, 2016**.

Defendants - on or before **February 16, 2016**.

All motions *in limine* shall be filed on or before **February 16, 2016**. Responses thereto are due on or before **February 23, 2016.**

In addition to compliance with Local Rule of Civil Procedure 16.1(c), the parties shall include the following in, or attached to, their pretrial memoranda:

      a. a listing of the identity of each expert witness to be called at trial by the party;

      b. a *curriculum vitae* for each expert witness listed;

      c. a listing of each fact witness to be called at trial with a brief statement of the nature of their expected testimony (witnesses not listed may not be called by that party in its case-in-chief);

      d. an itemized statement of claimant's damages or other relief sought; and

      e. a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

One copy (1) of the pretrial memoranda shall be filed with the Clerk of the Court and two (2) copies shall be sent to the Court (Chambers).

9. A final pretrial conference for this matter will be held on **February 29, 2016**, at **11:00 a.m.** in chambers (Room 17613).

10. (a) If a jury trial is scheduled, the parties shall file in writing with the Clerk of Court one (1) copy of <u>joint</u> proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury. The parties shall also file one (1) copy of proposed jury instructions, verdict forms, or special interrogatories on those issues not agreed upon by the parties in their joint submission. These filings shall be made **on or before February 16, 2016**.

Jury instructions shall be submitted each on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate. A courtesy copy of these filings shall be submitted to chambers in hard copy, **as well as electronically in Microsoft Word format to chambers_of_judge_john_r_padova@paed.uscourts.gov.**

    (b) If a non-jury trial is scheduled, the parties shall file one (1) copy of proposed findings of fact and conclusions of law with the Clerk of the Court **on or before February 16, 2016.** One (1) copy of the proposed findings of fact and conclusions of law shall be submitted to Chambers in hard copy, **as well as electronically in Microsoft Word format to chambers_of_judge_john_r_padova@paed.uscourts.gov**.

    11. **No later than three days** before the date trial is scheduled to commence if a date certain, or three days before case appears in the trial pool, the parties shall file a complete and comprehensive stipulation of uncontested facts pursuant to paragraph (d)(2)(b)(2) of Local Rule of Civil Procedure 16.1; the original shall be filed with the Clerk of the Court, and two (2) copies shall be submitted to the Court (Chambers).

    12. At the commencement of trial, the parties shall provide the Court with three (3) copies of a schedule of exhibits which shall briefly describe each exhibit. At the trial, the parties shall provide the Court with two (2) copies of each exhibit at the time of its first use at trial.

    13. This case will be listed for trial as follows:

Date Certain:    ------------------------ at 10:00 a.m. in Courtroom **17-B**.

Civil Trial Pool:    **March 7, 2016**

Counsel should consider themselves attached as of this date.

COUNSEL PLEASE NOTE:  If this case has been assigned a trial date certain, this Scheduling Order will be the only written notice counsel receive of the date this case will be tried.  Counsel and all parties shall be prepared to commence trial on that date and as soon thereafter as counsel receive telephone notice that trial is to commence.  If the case is a pool case, counsel should have the responsibility to maintain contact with the deputy clerk once the case goes into the pool.  Every effort will be made to give counsel at least 24 hours' notice and hopefully 48 hours' notice of commencement of trial.  Pool cases are to be ready for trial as of the date they are placed in the pool and are frequently not called in the order in which they appear.

14. Any party having an objection to: (a) the admissibility of any exhibit based on authenticity; (b) the adequacy of the qualifications of an expert witness expected to testify; (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 shall set forth separately each such objection, clearly and concisely, in their pretrial memorandum.  Such objection shall describe with particularity the ground and the authority for the objection.  Unless the court concludes at trial that manifest injustice will result, the Court can be expected to overrule any objection offered at trial in respect to any matter covered by (a), (b), (c) and/or (d) above, if the Court concludes that the objection should have been made as required by this Order.

15. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the Court for admission into evidence at trial, unless stipulated to by all affected parties and approved by the Court, or by Order of Court so as to avoid manifest injustice.

16. Because a witness may be unavailable at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), the Court expects use of oral or videotape depositions at trial of <u>any witness</u> whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.  The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of an ongoing trial.  In the event a deposition is to be offered, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition, but only after all efforts have been made to resolve objections with other counsel.  Unresolved objections shall be noted in the margin of the deposition page(s) where a Court ruling is necessary.

BY THE COURT

/s/ John R. Padova

_____
John R. Padova , J.