# APPENDIX   1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN STOKES, on behalf of herself and all other similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>REALPAGE, INC.,<br><br>                Defendant. | Case No. 2:15-cv-01520-JP |
| JAMES JENKINS, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>REALPAGE, INC.,<br><br>                Defendant. | Case No. 2:15-cv-03894-JP |

**SETTLEMENT AGREEMENT AND RELEASE**

# TABLE OF CONTENTS

Page

1.   RECITALS ................................................................................................................ 1

2.   DEFINITIONS .......................................................................................................... 4

3.   MOTION FOR CONSOLIDATION ....................................................................... 11

4.   PRELIMINARY APPROVAL ................................................................................ 11

    4.1   Preliminary Approval Order .......................................................................... 13

    4.2   Stay Following Preliminary Approval Order .................................................. 14

    4.3   Class Certified for Settlement Purposes Only ................................................ 13

5.   EXPUNGEMENT SETTLEMENT CLASS ............................................................ 13

    5.1   Certification of Expungement Settlement Class ............................................. 13

    5.2   Expungement Settlement Class Notice Plan ................................................... 14

    5.3   Settlement Consideration ............................................................................... 18

    5.4   Expungement Settlement Class Release ......................................................... 19

6.   SOURCE SETTLEMENT CLASS .......................................................................... 24

    6.1   Certification of Source Settlement Class ........................................................ 24

    6.2   Source Settlement Class Notice Plan .............................................................. 24

    6.3   Settlement Consideration ............................................................................... 27

    6.4   Source Settlement Class Release .................................................................... 29

7.   CHART SETTLEMENT CLASS ............................................................................. 33

    7.1   Certification of Chart Settlement Class .......................................................... 33

    7.2   Chart Settlement Class Notice Plan ................................................................ 33

    7.3   Settlement Consideration ............................................................................... 36

    7.4   Chart Settlement Class Release ...................................................................... 37

i

8.      SETTLEMENT FUNDS ................................................................. 41

    8.1      Settlement Funds ................................................................. 41

    8.2      Settlement Fund Tax Status ............................................... 42

    8.3      Attorneys' Fees, Costs, and Other Expenses Paid from Settlement Funds .......... 43

    8.4      Service Awards Paid from Settlement Funds ....................... 44

    8.5      Payment Schedule .............................................................. 45

9.      NAMED PLAINTIFFS' RELEASE OF CLAIMS ....................... 46

    9.1      Release of All Claims ......................................................... 46

    9.2      Waiver of California Civil Code § 1542 ............................. 47

10.     ENTRY OF FINAL JUDGMENT AND ORDER ......................... 48

11.     TERMINATION ............................................................................ 49

12.     MISCELLANEOUS PRVISIONS ................................................ 53

    12.1     Best Efforts to Obtain Court Approval ............................... 53

    12.2     No Admission ..................................................................... 53

    12.3     Process for Resolution of Disputes Regarding Compliance with Settlement Agreement ........................................................ 54

    12.4     Court's Jurisdiction ............................................................ 55

    12.5     Settlement Notices .............................................................. 56

    12.6     Administrative Costs .......................................................... 57

    12.7     Taxes .................................................................................. 57

    12.8     Defendants' Communication with Customers, Business Contacts, and Members of the Public ....................... 57

    12.9     Confidentiality of Discovery Materials and Information ..... 58

    12.10    Complete Agreement .......................................................... 58

    12.11    Headings for Convenience Only ......................................... 58

    12.12    Severability ........................................................................ 58

12.13   No Party Is the Drafter ............................................................................... 58

12.14   Binding Effect ................................................................................................ 59

12.15   Authorization to Enter Settlement Agreement ......................................... 59

12.16   Execution in Counterparts ........................................................................... 59

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by the Parties and their counsel as of June 30, 2017, in the cases captioned <u>Stokes v. RealPage, Inc.</u>, Case No. 2:15-cv-01520-JP, and <u>Jenkins v. RealPage, Inc.</u>, Case No. 2:15-cv-03894-JP, pending in the United States District Court for the Eastern District of Pennsylvania, and is submitted to the Court for approval pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## 1.    RECITALS

WHEREAS, on March 3, 2015, Plaintiff Helen Stokes ("Stokes") brought a proposed class action ("Stokes Action") in the United States District Court for the Eastern District of Pennsylvania, alleging that Defendant RealPage, Inc. ("Defendant" or "RealPage") willfully violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 – 1681x ("FCRA") by (i) failing to timely update the criminal record information that it maintains to eliminate records of cases that have been expunged and (ii) failing to provide complete and accurate disclosures of all information it maintains about consumers to those consumers who made a request for their "file";

WHEREAS, the Stokes Action alleges two class-claims on behalf of two putative classes: (1) a "Stokes Expungement" class alleging a claim for "willfully and/or recklessly failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom a consumer report relates, in violation of section 1681e(b)"; and (2) a "Stokes Disclosure" class alleging a claim for "willfully and/or recklessly failing to provide a complete copy all of [sic] the information on her file upon request, in violation of FCRA section 1681g(a)";

WHEREAS, on November 5, 2014, Plaintiff James Jenkins ("Jenkins") brought a proposed class action ("Jenkins Action") in the United States District Court for the Eastern District of Virginia, alleging that Defendant RealPage willfully violated the FCRA when responding to a

consumers request for a "file" copy by (i) failing to disclose the sources of information for the criminal conviction data it includes in responses to consumer file requests and (ii) failing to provide consumers with the required Summary of Rights disclosure;

WHEREAS, the Jenkins Action complaint alleges two class-claims on behalf of two putative classes: (1) a "Jenkins Disclosure" class alleging that "Defendants violated 15 U.S.C. § 1681g(a)(2) by failing to disclose the name of the source of the information in a consumer's file at the time of the request," or alternatively, "by falsely identifying the source of the information in a consumer's file"; and (2) a "Jenkins Summary of Rights" class alleging that "Defendants violated 15 U.S.C. § 1681g(c)(2) by failing to include the required information in the 'Summary of Rights' prepared by the Consumer Financial Protection Bureau in the Plaintiff's and putative class members' [complete] written disclosures";

WHEREAS, the Jenkins Action complaint alleges a third, non-class claim against Defendant on behalf of Jenkins individually for violation of 15 U.S.C. § 1681e(b) for purportedly "failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports and consumer files it published and maintained concerning Plaintiff [Jenkins]" (the "Jenkins Individual Claim");

WHEREAS, on July 13, 2015, the Jenkins Action was transferred from the United States District Court for the Eastern District of Virginia to the United States District Court for the Eastern District of Pennsylvania as a case related to the Stokes Action;

WHEREAS, Defendant denies each and every one of the allegations of wrongful conduct and damages made by the Named Plaintiffs, and Defendant has asserted numerous defenses to Named Plaintiffs' claims and disclaims any wrongdoing or liability whatsoever, and Defendant

further denies that this matter satisfies the requirements to be tried as a class action under Federal Rules of Civil Procedure, Rule 23;

WHEREAS, this Settlement Agreement has been reached after the Parties exchanged discovery and documents and information relevant to the Named Plaintiffs' claims, and is a product of sustained, arm's length settlement negotiations over the course of several years and multiple mediation and negotiation sessions;

WHEREAS, the Named Plaintiffs and Defendant recognize that the outcome of this matter is uncertain, and that a final resolution through the litigation process would require several more years of protracted adversarial litigation and appeals; substantial risk and expense; the distraction and diversion of the Defendant's personnel and resources and the expense of any possible future litigation raising similar or duplicative claims; and the Named Plaintiffs, Defendant, and their counsel have agreed to resolve this matter as a settlement class action according to the terms of this Settlement Agreement; and

WHEREAS, the Parties believe that this Settlement Agreement is fair, reasonable, and adequate in its resolution of the claims brought by the putative classes because it:  (1) provides for consolidation of the Stokes Action and Jenkins Action for effective, full and final settlement of all class claims asserted therein; (2) provides for certification of an "Expungement Settlement Class," a "Source Settlement Class," and a "Chart Settlement Class" even though the Court has not yet determined whether any of these claims could properly be brought as class actions, and Defendant maintains that certification of any class for trial purposes would not be proper under Federal Rules of Civil Procedure, Rule 23; (3) provides comprehensive current and prospective injunctive relief to all of the proposed settlement classes; (4) provides for a substantial monetary payment to the members of the Expungement Settlement Class and Source Settlement Class; and (5) provides

relief to the proposed settlement classes in exchange for releases tailored to the specific FCRA claim made against the Defendant for that class;

NOW, THEREFORE, without (a) any admission or concession on the part of Named Plaintiffs of the lack of merit of the Litigation whatsoever, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant, it is hereby stipulated and agreed by the undersigned (on behalf of the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, the Chart Settlement Class) and the Defendant that this matter and all claims of the settlement classes be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval as required by Federal Rules of Civil Procedure, Rule 23, on the terms and conditions set forth herein.

The recitals stated above are true and accurate and are made a part of this Settlement Agreement.

## 2.    DEFINITIONS

For the purposes of this Settlement Agreement, including the recitals stated above, the following terms will have the following meanings:

2.1    "CAFA Notice" means notice (in a form substantially similar to that attached as Exhibit A, and approved by the Court) of this settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and as further described in Sections 5.2.5, 6.2.5, and 7.2.5.

2.2    "Chart Settlement Class" or "Chart Settlement Class Members" means all persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, requested a copy of their consumer report from Defendant, and received with the disclosure

4

a chart that failed to provide the full address and phone number for every agency responsible for enforcing any provision of the FCRA.  The Chart Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Named Plaintiffs' attorneys; and any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

2.3     "Chart Settlement Class Injunctive Relief" means the injunctive relief program to which the Defendant has agreed and which benefits the Chart Settlement Class, as further described in Section 7.3.1.

2.4     "Chart Settlement Class Injunctive Relief Order" means the consent order attached as Exhibit B to this Settlement Agreement and proposed by the Parties for entry by the Court intended to require and accomplish the injunctive relief provided for therein and which in no way imposes any obligation, duty or responsibility on the Defendant or creates a right on behalf of the Chart Settlement Class beyond what is described in such consent order.

2.5     "Chart Settlement Class Notice Plan" means the plan for providing notice of this settlement to the Chart Settlement Class under Federal Rules of Civil Procedure, Rule 23(c)(2)(A) and (e)(1), as set forth in Section 7.2.

2.6     "Chart Settlement Class Released Claims" means those Claims that the Chart Settlement Class Members are releasing, as set forth in Section 7.4.

2.7     "Chart Settlement Class Website" means the Internet website to be established by the Settlement Administrator, as part of the Chart Settlement Class Notice Plan as set forth in Section 7.2.4.

2.8     "Claim" and "Claims" mean all claims, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, causes of action, allegations of

wrongdoing, and liabilities.

2.9 "Class Counsel" means the attorneys and law firms listed on the signature pages of this Settlement Agreement representing the Named Plaintiffs, and if approved by the Court, the Chart Settlement Class, Expungement Settlement Class and Source Settlement Class.

2.10 "Class List" or "List" means the respective list of class members of the Chart Settlement Class, Expungement Settlement Class, or Source Settlement Class generated by Defendant as further described in Sections 5.2.1, 6.2.1, and 7.2.1.

2.11 "Court" means the United States District Court for the Eastern District of Pennsylvania where this Litigation is pending.

2.12 "Defendant" means Defendant RealPage, Inc.

2.13 "Effective Date" means the date on which all appellate rights with respect to the Final Judgment and Order have expired or have been exhausted in such a manner as to affirm the Final Judgment and Order, and when no further appeals are possible, including review by the United States Supreme Court.

2.14 "Escrow Agent" means an agent identified by Class Counsel and who has been approved by Defendant whose responsibility it is to manage the Expungement Escrow Account and Source and Chart Escrow Account.

2.15 "Expungement Escrow Account" means an interest-bearing account at a financial institution to be identified by Class Counsel and approved by Defendant in which the Expungement Settlement Fund shall be deposited.

2.16 "Expungement Settlement Class" or "Expungement Settlement Class Members" means all persons residing in the United States of America (including its territories and Puerto Rico) about whom, from March 3, 2013 through the date when the Court enters its Preliminary

Approval Order, about whom Defendant prepared a consumer report which included information regarding one or more criminal cases which at the time the report was prepared by Defendant had been expunged or sealed and a Lifecycle File identified the record as having been expunged or sealed prior to the date of the report.  The Expungement Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Named Plaintiffs' attorneys; and any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

2.17    "Expungement Settlement Class Injunctive Relief" means the injunctive relief program to which the Defendant has agreed and which benefits the Expungement Settlement Class, as further described in Section 5.3.1.

2.18    "Expungement Settlement Class Injunctive Relief Order" means the consent order attached as Exhibit B to this Settlement Agreement and proposed by the Parties for entry by the Court intended to require and accomplish the injunctive relief provided for therein and which in no way imposes any obligation, duty or responsibility on the Defendant or creates a right on behalf of the Expungement Settlement Class beyond what is described in such consent order.

2.19    "Expungement Settlement Class Notice Plan" means the plan for providing notice of this settlement to the Expungement Settlement Class under Federal Rules of Civil Procedure, Rule 23(c)(2)(A) and (e)(1), as set forth in Section 5.2.

2.20    "Expungement Settlement Class Released Claims" means those Claims that the Expungement Settlement Class Members are releasing, as set forth in Section 5.4.

2.21    "Expungement Settlement Class Website" means the Internet website to be established by

the Settlement Administrator, as part of the Expungement Settlement Class Notice Plan as set forth in Section 5.2.4.

2.22    "Expungement Settlement Fund" means the monetary relief which Defendant has agreed to provide for the benefit of the Expungement Settlement Class, as further described in Section 8.1.

2.23    "FCRA" means the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

2.24    "FCRA State Equivalents" means any statute or regulation of any State, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the obtainment, use, or disclosure of the same or similar information that meets the definition of "consumer report" under the FCRA.

2.25    "File" has the same meaning as set forth in 15 U.S.C. § 1681a(g).

2.26    "Final Judgment" or "Final Judgment and Order" means a final judgment and order of dismissal entered by the Court in this Litigation, in the form of Exhibit C hereto, granting final approval of this Settlement Agreement (including Class Counsel's request for attorneys' fees, costs, and other expenses and Named Plaintiffs' requests for Service Awards), and entering a judgment according to the terms set forth in this Settlement Agreement.

2.27    "Lifecycle File" means the raw data file of expunged or sealed criminal records offered by the Administrative Office of Pennsylvania Courts.

2.28    "Litigation" means the related civil actions captioned <u>Stokes v. RealPage, Inc.</u>, Case No. 2:15-cv-01520-JP, and <u>Jenkins v. RealPage, Inc.</u>, Case No. 2:15-cv-03894-JP, pending in the United States District Court for the Eastern District of Pennsylvania.

2.29    "Mail Notice" means the notice (in a form substantially similar to those attached as

Exhibits E, F, and G, and approved by the Court) that will be mailed to the Expungement Settlement Class, Source Settlement Class, and Chart Settlement Class, respectively, as further described in Sections 5.2.4, 6.2.4, and 7.2.4.

2.30   "Named Plaintiffs" means Helen Stokes and James Jenkins, or either of them.

2.31   "Party" and "Parties" mean the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, the Chart Settlement Class, and the Defendant.

2.32   "Preliminary Approval" and "Preliminary Approval Order" mean the Court's order in the form attached hereto as Exhibit D, certifying the tentative Expungement Settlement Class, Source Settlement Class, and the Chart Settlement Class, preliminarily approving the proposed settlement, approving and directing the Expungement Settlement Class Notice Plan, the Source Settlement Class Notice Plan, and the Chart Settlement Class Notice Plan, appointing a Settlement Administrator, and appointing Class Counsel.

2.33   "Released Parties" means the Defendant and its predecessors, successors, and assigns; the present and former, direct and indirect, parents, subsidiaries, sister corporations, divisions, corporate affiliates, or associates of any of the above; and the present and former members, principals, partners, officers, directors, control persons, employees, insurers, customers, vendors, contractors, agents, attorneys, shareholders, advisors, assigns, and any person involved in any respect with regard to the Defendant's conduct alleged in the Litigation, and representatives of any of the above.

2.34   "Service Award" means the one-time payment to each of the Named Plaintiffs, for the time and resources each has put into representing the Expungement Settlement Class, Source Settlement Class, or the Chart Settlement Class, as set forth in Section 8.4.

2.35   "Settlement Administrator" means, subject to Court approval, American Legal Claims

Services, LLC, located at P.O. Box 23650, Jacksonville, FL 32241-3650.

2.36   "Settlement Agreement" means this Settlement Agreement and Release, including its Exhibits.

2.37   "Settlement Funds" shall mean the Expungement Settlement Fund and Source and Chart Settlement Fund, collectively.

2.38   "Source and Chart Settlement Fund" means the monetary relief which Defendant has agreed to provide for the benefit of the Source Settlement Class, as further described in Section 8.1.

2.39   "Source and Chart Escrow Account" means an interest-bearing account at a financial institution to be identified by Class Counsel and approved by Defendant in which the Source and Chart Settlement Fund shall be deposited.

2.40   "Source Settlement Class" or "Source Settlement Class Members" means all persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, made a request pursuant to Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a file copy, and received a disclosure containing a criminal record in their file which did not include the identity of the public record vendor which had retrieved the criminal record(s) included in their file disclosure.  The Source Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Named Plaintiffs' attorneys; and any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

2.41   "Source Settlement Class Injunctive Relief" means the injunctive relief program to which the Defendant has agreed and which benefits the Source Settlement Class, as further

described in Section 6.3.1.

2.42   "Source Settlement Class Injunctive Relief Order" means the consent order attached as Exhibit B to this Settlement Agreement and proposed by the Parties for entry by the Court intended to require and accomplish the injunctive relief provided for therein and which in no way imposes any obligation, duty or responsibility on the Defendant or creates a right on behalf of the Source Settlement Class beyond what is described in such consent order.

2.43   "Source Settlement Class Notice Plan" means the plan for providing notice of this settlement to the Source Settlement Class under Federal Rules of Civil Procedure, Rule 23(c)(2)(A) and (e)(1), as set forth in Section 6.2.

2.44   "Source Settlement Class Released Claims" means those Claims that the Source Settlement Class Members are releasing, as set forth in Section 6.4.

2.45   "Source Settlement Class Website" means the Internet website to be established by the Settlement Administrator, as part of the Source Settlement Class Notice Plan as set forth in Section 6.2.4.

## 3.      MOTION FOR CONSOLIDATION

In consideration of the overlapping nature of certain of the claims and settlement classes alleged in the Stokes Action and the Jenkins Action, the Parties agree that consolidation of the actions and of their respective alleged classes is appropriate and necessary to achieve settlement of the Litigation.

Accordingly, the Parties have filed a Stipulation to Consolidate the Stokes Action and Jenkins Action on June 15, 2017 (Dkt. 48), which was approved by the Court on June 19, 2017 (Dkt. 49).

## 4.    PRELIMINARY APPROVAL

### 4.1    <u>Preliminary Approval Order</u>

As soon as reasonably practicable after the consolidation of the Stokes Action and the Jenkins Action, the Named Plaintiffs shall file with the Court a Motion for Preliminary Approval of the Proposed Settlement; Conditional Certification of the Expungement Settlement Class, Source Settlement Class, and Chart Settlement Class; Appointment of Class Counsel; Approval and Direction of the Expungement Settlement Class, Source Settlement Class and Chart Settlement Class Notice Plans; and Appointment of the Settlement Administrator.  The Motion shall seek entry of an Order that would, for settlement purposes only:

a)    preliminarily approve this Settlement Agreement;

b)    certify a conditional settlement class under Federal Rules of Civil Procedure, Rule 23(b)(3) composed of the Expungement Settlement Class Members;

c)    certify a conditional settlement class under Federal Rules of Civil Procedure, Rule 23(b)(3) composed of the Source Settlement Class Members;

d)    certify a conditional settlement class under Federal Rules of Civil Procedure, Rule 23(b)(3) composed of the Chart Settlement Class Members;

e)    appoint the Named Plaintiffs and Class Counsel to represent the Settlement Classes;

f)    approve the proposed Expungement Settlement Class Notice Plan, Source Settlement Class Notice Plan, and Chart Settlement Class Notice Plan, including the forms of notice substantially similarly to those attached as Exhibits E through G; and

g)    appoint the Settlement Administrator.

**4.2**    **Stay Following Preliminary Approval Order**

Upon entry of the Preliminary Approval Order, the Parties shall promptly cooperate in filing such papers as may be necessary to obtain a stay of the proceedings in the Action as may be necessary to implement the Settlement or comply with the terms of the Agreement.

**4.3**    **Class Certified for Settlement Purposes Only**

The Defendant contends that this Litigation, and each of the respective classes alleged therein, could not be certified as a class action under Federal Rules of Civil Procedure, Rule 23 for trial purposes.  Nothing in this Settlement Agreement shall be construed as an admission by Defendant that this Litigation or any similar case is amenable to class certification for trial purposes.  Furthermore, nothing in this Settlement Agreement shall prevent Defendant from opposing class certification or seeking de-certification of the conditionally certified tentative Expungement Settlement Class, Source Settlement Class, or Chart Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason, or if any of the conditions exist that permit Defendant to terminate this Settlement Agreement in accordance with Section 11.

## 5.    EXPUNGEMENT SETTLEMENT CLASS

**5.1**    **Certification of Expungement Settlement Class**

### 5.1.1    Class Definition

For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Named Plaintiffs and Defendant agree to seek certification of an Expungement Settlement Class in the Litigation defined as:

> All persons residing in the United States of America (including its territories and Puerto Rico) about whom, from March 3, 2013 through the date when the Court enters its Preliminary Approval Order, Defendant prepared a consumer report which included information regarding one or more

criminal cases which at the time the report was prepared by Defendant had been expunged or sealed and a Lifecycle File identified the record as having been expunged or sealed prior to the date of the report.

The Expungement Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Named Plaintiffs' attorneys; and any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

### 5.2     Expungement Settlement Class Notice Plan

#### 5.2.1     Class List of Expungement Settlement Class Members

Within twenty (20) business days after entry of the Preliminary Approval Order, Defendant will provide a Class List of Expungement Settlement Class Members to the Settlement Administrator which includes the following information for each Expungement Settlement Class Member:

a)      the Expungement Settlement Class Member's name; and

b)      the Expungement Settlement Class Member's last known email address, postal address and social security number (to the extent such information is reasonably available to Defendant).

The Named Plaintiffs, Class Counsel, Expungement Settlement Class, Source Settlement Class, and Chart Settlement Class hereby acknowledge and agree that Defendant is providing this Class List to the Settlement Administrator solely for the purpose of effecting the terms of this Settlement Agreement, and that such Class List shall not be used, disseminated, or disclosed by or to any other person for any other purpose.  This is a material term of this Settlement Agreement.

14

### 5.2.2    Court Appointment and Retention of Settlement Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint the Settlement Administrator as defined hereinabove.  The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the Expungement Settlement Class Notice Plan.

### 5.2.3    Expungement Settlement Class Notice

Named Plaintiffs, Defendant, and the Settlement Administrator have agreed that they will jointly recommend the Expungement Settlement Class Mail Notice, substantially in the form attached as Exhibit E, to the Court for approval.  After the Court enters Preliminary Approval, the Settlement Administrator will send the Expungement Settlement Class Mail Notice via email to the last known email address reflected in the Expungement Settlement Class List to each Expungement Settlement Class Member identified on the Expungement Settlement Class List if an email address is available.  If no email address is available for an Expungement Settlement Class Member or if an email results in a bounce-back or is otherwise undeliverable, then the Settlement Administrator will send the Expungement Settlement Class Mail Notice via U.S. mail, postage prepaid requesting either forwarding service or change service to the last known address reflected in the Expungement Settlement Class List.  For up to forty-five days following the mailing of the Expungement Settlement Class Mail Notice, the Settlement Administrator will re-mail the Expungement Settlement Class Mail Notice via standard U.S. Mail, postage prepaid, to updated addresses of Expungement Settlement Class Members to the extent that it received address change notifications from the U.S. Postal Service.  No later than ten (10) business days before the final fairness hearing in this Litigation, the Settlement Administrator will file proof of the mailing of the Expungement Settlement Class Mail Notice with the Court.  Neither the Parties nor the

Settlement Administrator will have any further obligation to send notice of the Settlement to the Expungement Settlement Class Members.

The Expungement Settlement Class Mail Notice will explain to the Expungement Settlement Class Member that he or she has the option of opting out of the Expungement Settlement Class, and that if he or she does not effectively opt out as provided for herein, then he or she can expect to receive their portion of the Expungement Settlement Fund after the Effective Date.  The Mail Notice will also provide the Expungement Settlement Class Member with notice of the Settlement Agreement, and direct them to the Settlement Class Website for further information.

The Settlement Administrator also will create and maintain the Settlement Class Website to be activated no later than five days prior to the mailing of the Expungement Settlement Class Mail Notice described above.  The Settlement Administrator's responsibilities will also include securing an appropriate URL, such as http://www.leasingdesksettlement.com.  The Settlement Class Website will post important settlement documents, such as the Settlement Agreement, the Expungement Settlement Class Mail Notice, and the Preliminary Approval Order.  In addition, the Settlement Class Website will include a description of the Expungement Settlement Fund, a section for frequently-asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Judgment and Order has been entered, when the Effective Date is expected or has been reached, and when payment will likely be mailed.

The Settlement Administrator will terminate the Settlement Class Website either (1) one hundred and eighty days after the Effective Date, or (2) thirty days after the date on which the

settlement is terminated or otherwise not approved by a court.  The Settlement Administrator will then transfer ownership of the URL to the Defendant.

### 5.2.4   CAFA Notice

The Parties agree that the Defendant shall serve notice of the settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten days after the filing of this Settlement Agreement with the Court.  A proposed form of CAFA Notice, without the accompanying attachments, is attached as Exhibit A.

The Defendant shall file with the Court a certification of the date upon which the CAFA Notice was served.

### 5.2.5   Costs

The costs associated with the Expungement Settlement Class Notice Plan shall be paid out of the Expungement Settlement Fund.

### 5.3    Settlement Consideration

### 5.3.1   Expungement Settlement Class Injunctive Relief

Subject to the terms and conditions of this Settlement Agreement, the Named Plaintiffs and Defendant have agreed to move jointly for the Court to enter an injunction applicable to Defendant by consent, which will contain only the terms of the Expungement Settlement Class Injunctive Relief as described in Section 5.3.1.  The Court will be asked to adopt the Expungement Settlement Class Injunctive Relief Order attached as Exhibit B to this Settlement Agreement, which includes the following:

With respect to all criminal records identified on a LifeCycle File as having been expunged, Defendant will confirm with its data supplier that any such

criminal records are not included in any database used to produce its tenant screening reports.

**5.3.1.1**      Any action by Defendant determined in good faith to be reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of this Settlement Agreement.  In the event that any obligation that Defendant has agreed to undertake in the Expungement Settlement Class Injunctive Relief becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling or if the Expungement Settlement Class (or any subset) agrees to impose less stringent requirements on any competitor of Defendant, then Defendant shall be released from performing such obligation after notice to the Court and Class Counsel.  Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice.  Notwithstanding the above, the Parties agree that the injunctive relief provided for herein at Section 5.3.1.1 shall continue for a period of two (2) years.

### 5.3.2    Expungement Settlement Class Monetary Relief

Expungement Settlement Class Members shall each receive equal distributions from the Expungement Settlement Fund not to exceed One Thousand One Hundred Dollars ($1,100.00) per Expungement Settlement Class Member. Distributions shall be made pursuant to the Payment Schedule set forth in Section 8.5 herein.

### 5.4    Expungement Settlement Class Release

### 5.4.1    Release of All Claims

Upon the Effective Date, each member of the Expungement Settlement Class who has not excluded himself or herself and his or her respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting

or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all the Released Parties and data suppliers (including, without limitation, Genuine Data Services, LLC and e-backgroundchecks.com, Inc.), of and from all Claims arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which the Expungement Settlement Class Members ever had or now have resulting from or arising out of or in any way, directly or indirectly, connected with (a) any act, omission, event incident, matter, dispute, or injuring alleged to have arisen from the reporting by Defendant of any criminal record history that had been expunged at the time Defendant furnished a screening report; (b) any acts or omissions that were raised or could have been raised in this Litigation by any Expungement Settlement Class Member, or the report furnished by Defendant which qualifies a person as an Expungement Settlement Class Member; and (c) any event, matter, dispute or thing that in whole or in part, directly or indirectly, relates to or arises out of said events described in (a) or (b) above. (the "Expungement Settlement Class Released Claims").

Subject to the Court's approval, the Expungement Settlement Class Members shall be bound by this Settlement Agreement and all of their Expungement Settlement Class Released Claims shall be dismissed with prejudice and released as against the Released Parties and its data suppliers (including, without limitation, Genuine Data Services, LLC and e-backgroundchecks.com, Inc.), even if they never received actual notice of the settlement prior to the hearing for final approval of the settlement in this Litigation.

### 5.4.2   Waiver of California Civil Code §1542

Expungement Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know

or believe to be true with respect to the subject matter of this Litigation and the Expungement Settlement Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all Expungement Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts.  Expungement Settlement Class Members waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Expungement Settlement Class Members and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

### 5.4.3   Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection therewith shall affect the dismissal of the Litigation, the *res judicata* effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

### 5.4.4   Representation of Opt-Outs

Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Expungement Settlement Class Members.  Based upon unique circumstances here, Class Counsel agree that class members who seek to opt-out should be represented by counsel who

do not agree that the Settlement Agreement is fair, reasonable, and in the best interests of the Expungement Settlement Class Members.  Accordingly, Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for other appropriate counsel in any subsequent litigation of claims by such opt-outs against Defendant.

### 5.4.5    Opt-Out from Expungement Settlement Class

#### 5.4.5.1    Requests for Exclusion

All Expungement Settlement Class Members shall be given the opportunity to opt out of the Expungement Settlement Class by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing.  To be valid, a Request for Exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the Expungement Settlement Class in *Stokes v. RealPage, Inc.*, Case No. 2:15-cv-01520-JP, United States District Court, Eastern District of Pennsylvania." A Request for Exclusion submitted on the Opt-Out Form shall be presumed valid. Notwithstanding the foregoing, no person within the Expungement Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Expungement Settlement Class.  Requests for Exclusion submitted *en masse* will be invalid.

#### 5.4.5.2    Verification of Opt-Outs by Settlement Administrator

The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than ten (10) business days before the Final Approval Hearing. By that same date, the Settlement Administrator shall provide to Class Counsel, who shall file it with the Court, a declaration verifying that notice has been provided to the Expungement Settlement Class as set

forth herein and listing all of the valid opt-outs received.

### 5.4.5.3      Effect of Opt-Out from Expungement Settlement Class

All individuals within the Expungement Settlement Class who timely submit a valid Request for Exclusion will exclude themselves from the Expungement Settlement Class and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims he or she claims to have against Defendant. Any such individual within the Expungement Settlement Class who so opts out will not be bound by further orders or judgments in the Action as it relates to the Expungement Settlement Class, and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims for damages they may have against Defendant.  In the event of ambiguity as to whether someone has requested to be excluded, the Expungement Settlement Class Member shall be deemed not to have requested exclusion pursuant to this Section.  No person who has opted out of the Expungement Settlement Class may object to any part of this Settlement Agreement.

### 5.4.5.4      Objections from Expungement Settlement Class Members

Any Expungement Settlement Class Member who has not previously opted-out in accordance with the terms above and who intends to object to this Settlement Agreement must file their objection in writing with the Court no later than sixty (60) days after mailing of the Expungement Settlement Class Mail Notice, and must concurrently serve the objection on all counsel in this action and the Settlement Administrator.  The objection must include the following: (1) the Expungement Settlement Class Member's full name, address and current telephone number, (2) if the individual is represented by counsel, the name and telephone number of their counsel, (3) all objections and the basis for any such objections stated with specificity, (4) the identity of any witnesses the objector may call to testify, (5) a listing of all exhibits the objector

intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct

of copies of such exhibits, and (6) a statement of whether the objector intends to appear at the Final

Approval Hearing, either with or without counsel. Any Expungement Settlement Class Member

who fails to timely file and serve a written objection pursuant to this Paragraph shall not be

permitted to object to the approval of the Settlement or this Settlement Agreement and shall be

foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement

by appeal or other means.

## 6.    SOURCE SETTLEMENT CLASS

### 6.1    Certification of Source Settlement Class

#### 6.1.1    Class Definition

For purposes of settlement only, and upon the express terms and conditions set forth in this

Settlement Agreement, Named Plaintiffs and Defendant agree to seek certification of a Source

Settlement Class in the Litigation defined as:

> All persons residing in the United States of America (including its territories
> and Puerto Rico) who, from November 5, 2012, through the date when the Court
> enters its Preliminary Approval Order, made a request pursuant to Section 609(a)
> of the FCRA [15 U.S.C. § 1681g(a)] for a file copy, and received a disclosure
> containing a criminal record in their file which did not include the identity of the
> public record vendor which had retrieved the criminal record(s) included in their
> file disclosure.

The Source Settlement Class does not include Defendant's officers, directors, and

employees; Defendant's attorneys; Named Plaintiffs' attorneys; any Judge overseeing or

considering the approval of the Settlement together with members of their immediate family and

any judicial staff.

### 6.2    Source Settlement Class Notice Plan

#### 6.2.1    Class List of Source Settlement Class Members

Within twenty (20) business days after entry of the Preliminary Approval Order, Defendant will provide a Class List of Source Settlement Class Members to the Settlement Administrator which includes the following information for each Source Settlement Class Member:

a)      the Source Settlement Class Member's name; and

b)      the Source Settlement Class Member's last known email address, postal address and social security number (to the extent such information is reasonably available to Defendant). The Named Plaintiffs, Class Counsel, Expungement Settlement Class, Source Settlement Class, and Chart Settlement Class hereby acknowledge and agree that Defendant is providing this Class List by the Settlement Administrator solely for the purpose of effecting the terms of this Settlement Agreement, and that such Class List shall not be used, disseminated, or disclosed by or to any other person for any other purpose.  This is a material term of this Settlement Agreement.

### 6.2.2    Court Appointment and Retention of Settlement Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint the Settlement Administrator as defined hereinabove.  The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the Source Settlement Class Notice Plan.

### 6.2.3    Source Settlement Class Notice

Named Plaintiffs, Defendant, and the Settlement Administrator have agreed that they will jointly recommend the Source Settlement Class Mail Notice, substantially in the form attached as Exhibit F, to the Court for approval.  After the Court enters Preliminary Approval, the Settlement Administrator will send the Source Settlement Class Mail Notice via email to the last known email address reflected in the Source Settlement Class List to each Source Settlement Class Member identified on the Source Settlement Class List if an email address is available.  If no email address

is available for a Source Settlement Class Member or if an email results in a bounce-back or is otherwise undeliverable, then the Settlement Administrator will send the Source Settlement Class Mail Notice via U.S. mail, postage prepaid requesting either forwarding service or change service to the last known address reflected in the Source Settlement Class List.  For up to forty-five days following the mailing of the Source Settlement Class Mail Notice, the Settlement Administrator will re-mail the Source Settlement Class Mail Notice via standard U.S. Mail, postage prepaid, to updated addresses of Source Settlement Class Members to the extent that it received address change notifications from the U.S. Postal Service.  No later than ten (10) business days before the final fairness hearing in this Litigation, the Settlement Administrator will file proof of the mailing of the Source Settlement Class Mail Notice with the Court.  Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the Settlement to the Source Settlement Class Members.

The Source Settlement Class Mail Notice will explain to the Source Settlement Class Member that he or she has the option of opting out of the Source Settlement Class, and that if he or she does not effectively opt out as provided for herein, then he or she can expect to receive their portion of the Source and Chart Settlement Fund after the Effective Date.  The Mail Notice will also provide the Source Settlement Class Member with notice of the Settlement Agreement, and direct them to the Settlement Class Website for further information.

The Settlement Administrator also will create and maintain the Settlement Class Website to be activated no later than five days prior to the mailing of the Source Settlement Class Mail Notice described above.  The Settlement Administrator's responsibilities will also include securing an appropriate URL, such as http://www.leasingdesksettlement.com.  The Settlement Class Website will post important settlement documents, such as the Settlement Agreement, the

Settlement Class Mail Notice, and the Preliminary Approval Order.  In addition, the Settlement Class Website will include a description of the Source and Chart Settlement Fund, a section for frequently-asked questions, and procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Judgment and Order has been entered, when the Effective Date is expected or has been reached, and when payment will likely be mailed.

The Settlement Administrator will terminate the Settlement Class Website either (1) one hundred and eighty days after the Effective Date, or (2) thirty days after the date on which the settlement is terminated or otherwise not approved by a court.  The Settlement Administrator will then transfer ownership of the URL to the Defendant.

### 6.2.4   CAFA Notice

The Parties agree that the Defendant shall serve notice of the settlement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten days after the filing of this Settlement Agreement with the Court.  A proposed form of CAFA Notice, , without the accompanying attachments, is attached as Exhibit A.

The Defendant shall file with the Court a certification of the date upon which the CAFA Notice was served.

### 6.2.5   Costs

The costs associated with the Source Settlement Class Notice Plan shall be paid out of the Source and Chart Settlement Fund.

### 6.3    Settlement Consideration

### 6.3.1    Source Settlement Class Injunctive Relief

Subject to the terms and conditions of this Settlement Agreement, the Named Plaintiffs and Defendant have agreed to move jointly for the Court to enter an injunction applicable to Defendant by consent, which will contain only the terms of the Source Settlement Class Injunctive Relief as described in Section 6.3.1.  The Court will be asked to adopt the Source Settlement Class Injunctive Relief Order attached as Exhibit B to this Settlement Agreement, which includes the following:

When a consumer makes a request under Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a copy of that consumer's file, Defendant agrees to disclose the name of the vendor that retrieved any criminal record information in the consumer's file at the time of such request.

6.3.1.1 Any action by Defendant determined in good faith to be reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of this Settlement Agreement.  In the event that any obligation that Defendant has agreed to undertake in the Source Settlement Class Injunctive Relief becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling or if the Source Settlement Class (or any subset) agrees to impose less stringent requirements on any competitor of Defendant, then Defendant shall be released from performing such obligation after notice to the Court and Class Counsel.  Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice.  Notwithstanding the above, the Parties agree that the injunctive relief provided for herein at Section 6.3.1.1 shall continue for a period of two (2) years.

### 6.3.2    Source Settlement Class Monetary Relief

Source Settlement Class Members shall each receive equal distributions from the Source and Chart Settlement Fund not to exceed Two Hundred Dollars ($200.00) per Source Settlement

Class Member. Distributions shall be made pursuant to the Payment Schedule set forth at Section 8.5 herein.

### 6.4    Source Settlement Class Release

#### 6.4.1    Release of All Claims

Upon the Effective Date, each member of the Source Settlement Class who has not excluded himself or herself and his or her respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all the Released Parties of and from all Claims arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which the Source Settlement Class Members ever had or now have resulting from or arising out of claims capable of being brought under Section 609(a) of the FCRA (15 U.S.C. § 1681g(a)) (the "Source Settlement Class Released Claims").

Subject to the Court's approval, the Source Settlement Class Members shall be bound by this Settlement Agreement and all of their Source Settlement Class Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if they never received actual notice of the settlement prior to the hearing for final approval of the settlement in this Litigation.

#### 6.4.2   Waiver of California Civil Code §1542

Source Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the subject matter of this Litigation and the Source Settlement Class

28

Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all Source Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts. Source Settlement Class Members waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Source Settlement Class Members and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

### 6.4.3   Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection with such shall affect the dismissal of the Litigation, the *res judicata* effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

### 6.4.4   Representation of Opt-Outs

Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Source Settlement Class Members. Based upon unique circumstances here, Class Counsel agree that class members who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interests of the Source

Settlement Class Members.  Accordingly, Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for other appropriate counsel in any subsequent litigation of claims by such opt-outs against Defendant.

### 6.4.5   Opt-Out from Source Settlement Class

### 6.4.5.1 Requests for Exclusion

All Source Settlement Class Members shall be given the opportunity to opt out of the Source Settlement Class by submitting a Request for Exclusion.  All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing.  To be valid, a Request for Exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the Source Settlement Class in *Stokes v. RealPage, Inc.*, Case No. 2:15-cv-01520-JP, and *Jenkins v. RealPage, Inc.*, Case No. 2:15-cv-03894-JP, United States District Court, Eastern District of Pennsylvania." A Request for Exclusion submitted on the Opt-Out Form shall be presumed valid. Notwithstanding the foregoing, no person within the Source Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Source Settlement Class. Requests for Exclusion submitted *en masse* will be invalid.

### 6.4.5.2 Verification of Opt-Outs by Settlement Administrator

The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than ten (10) business days before the Final Approval Hearing. By that same date, the Settlement Administrator shall provide to Class Counsel, who shall file it with the Court, a declaration verifying that notice has been provided to the Source Settlement Class as set forth herein and listing all of the valid opt-outs received.

### 6.4.5.3 Effect of Opt-Out from Source Settlement Class

All individuals within the Source Settlement Class who timely submit a valid Request for Exclusion will exclude themselves from the Source Settlement Class and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims he or she claims to have against Defendant. Any such individual within the Source Settlement Class who so opts out will not be bound by further orders or judgments in the Action as it relates to the Source Settlement Class, and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims for damages they may have against Defendant.  In the event of ambiguity as to whether someone has requested to be excluded, the Source Settlement Class Member shall be deemed not to have requested exclusion pursuant to this Section.  No person who has opted out of the Source Settlement Class may object to any part of this Settlement Agreement.

### 6.4.5.4 Objections from Source Settlement Class Members

Any Source Settlement Class Member who has not previously opted-out in accordance with the terms above and who intends to object to this Settlement Agreement must file their objection in writing with the Court no later than sixty (60) days after mailing of the Source Settlement Class Mail Notice, and must concurrently serve the objection on all counsel in this action and the Settlement Administrator.  The objection must include the following: (1) the Source Settlement Class Member's full name, address and current telephone number, (2) if the individual is represented by counsel, the name and telephone number of their counsel, (3) all objections and the basis for any such objections stated with specificity, (4) the identity of any witnesses the objector may call to testify, (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing as well as true and correct of copies of such exhibits, and

(6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Source Settlement Class Member who fails to timely file and serve a written objection pursuant to this Paragraph shall not be permitted to object to the approval of the Settlement or this Settlement Agreement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## 7.      CHART SETTLEMENT CLASS

### 7.1.1   Certification of Chart Settlement Class

### 7.1.2   Class Definition

For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Named Plaintiffs and Defendant agree to seek certification of a Chart Settlement Class in the Litigation defined as:

> All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, requested a copy of their consumer report from Defendant, and received with the disclosure a chart that failed to provide the full address and phone number for every agency responsible for enforcing any provision of the FCRA.

The Chart Settlement Class does not include Defendant's officers, directors, and employees; Defendant's attorneys; Named Plaintiffs' attorneys; and any Judge overseeing or considering the approval of the Settlement together with members of their immediate family and any judicial staff.

### 7.2     Chart Settlement Class Notice Plan

### 7.2.1   Class List of Chart Settlement Class Members

Within twenty (20) business days after entry of the Preliminary Approval Order, Defendant will provide a Class List of Chart Settlement Class Members to the Settlement Administrator which includes the following information for each Chart Settlement Class Member:

a)       the Chart Settlement Class Member's name; and

b)       the Chart Settlement Class Member's last known email address, postal address and social security number (to the extent such information is reasonably available to Defendant).

The Named Plaintiffs, Class Counsel, Expungement Settlement Class, Source Settlement Class, and Chart Settlement Class hereby acknowledge and agree that Defendant is providing this Class List to the Settlement Administrator solely for the purpose of effecting the terms of this Settlement Agreement, and that such Class List shall not be used, disseminated, or disclosed by or to any other person for any other purpose.  This is a material term of this Settlement Agreement.

### 7.2.2    Court Appointment and Retention of Settlement Administrator

At the Preliminary Approval hearing, the Parties will propose that the Court appoint the Settlement Administrator as defined hereinabove.  The Settlement Administrator will facilitate the notice process by assisting the Parties and providing professional guidance in the implementation of the Chart Settlement Class Notice Plan.

### 7.2.3    Chart Settlement Class Notice

Named Plaintiffs, Defendant, and the Settlement Administrator have agreed that they will jointly recommend the Chart Settlement Class Mail Notice, substantially in the form attached as Exhibit G, to the Court for approval.  After the Court enters Preliminary Approval, the Settlement Administrator will send the Chart Settlement Class Mail Notice via email to the last known email address reflected in the Chart Settlement Class List to each Chart Settlement Class Member identified on the Chart Settlement Class List if an email address is available.  If no email address is available for a Chart Settlement Class Member or if an email results in a bounce-back or is otherwise undeliverable, then the Settlement Administrator will send the Chart Settlement Class Mail Notice via U.S. mail, postage prepaid requesting either forwarding service or change service to the last known address reflected in the Chart Settlement Class List.  For up to forty-five days

following the mailing of the Chart Settlement Class Mail Notice, the Settlement Administrator will re-mail the Chart Settlement Class Mail Notice via standard U.S. Mail, postage prepaid, to updated addresses of Chart Settlement Class Members to the extent that it received address change notifications from the U.S. Postal Service.  No later than seven days before the final fairness hearing in this Litigation, the Settlement Administrator will file proof of the mailing of the Chart Settlement Class Mail Notice with the Court.  Neither the Parties nor the Settlement Administrator will have any further obligation to send notice of the Settlement to the Chart Settlement Class Members.

The Chart Settlement Class Mail Notice will explain to the Chart Settlement Class Member that he or she has the option of opting out of the Chart Settlement Class under the terms provided for herein.  The Mail Notice will also provide the Chart Settlement Class Member with notice of the Settlement Agreement, and direct them to the Settlement Class Website for further information.

The Settlement Administrator also will create and maintain the Settlement Class Website to be activated no later than five days prior to the mailing of the Settlement Class Mail Notice described above.  The Settlement Administrator's responsibilities will also include securing an appropriate URL, such as http://www.leasingdesksettlement.com.  The Settlement Class Website will post important settlement documents, such as the Settlement Agreement, the Chart Settlement Class Mail Notice, and the Preliminary Approval Order.  In addition, the Settlement Class Website will include a section for frequently-asked questions and procedural information regarding the status of the Court-approval process, such as an announcement when the Final Approval Hearing is scheduled, when the Final Judgment and Order has been entered, and when the Effective Date is expected or has been reached.

The Settlement Administrator will terminate the Settlement Class Website either (1) one hundred and eighty days after the Effective Date, or (2) thirty days after the date on which the settlement is terminated or otherwise not approved by a court.  The Settlement Administrator will then transfer ownership of the URL to the Defendant.

### 7.2.4   CAFA Notice

The Parties agree that the Defendant shall serve notice of the settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, on the appropriate federal and state officials not later than ten days after the filing of this Settlement Agreement with the Court.  A proposed form of CAFA Notice, without the accompanying attachments, is attached as Exhibit A.

The Defendant shall file with the Court a certification of the date upon which the CAFA Notice was served.

### 7.2.5   Costs

The costs associated with the Chart Settlement Class Notice Plan shall be paid out of the Source and Chart Settlement Fund.

### 7.3   Settlement Consideration

### 7.3.1   Chart Settlement Class Injunctive Relief

Subject to the terms and conditions of this Settlement Agreement, the Named Plaintiffs and Defendant have agreed to move jointly for the Court to enter an injunction applicable to Defendant by consent, which will contain only the terms of the Chart Settlement Class Injunctive Relief as described in Section 7.3.1.  The Court will adopt the Chart Settlement Class Injunctive Relief Order attached as Exhibit B to this Settlement Agreement, which includes the following:

Defendant shall provide the complete chart of federal agencies responsible for enforcing

any provision of the FCRA, including the address and any appropriate phone number of each agency, in the long form notice posted on the Chart Class Settlement Website for as long as the website is operational hereunder.

### 7.4    Chart Settlement Class Release

#### 7.4.1    Release of All Claims

Upon the Effective Date, each member of the Chart Settlement Class who has not excluded himself or herself and his or her respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all the Released Parties of and from all Claims arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which the Chart Settlement Class Members ever had or now have resulting from or arising out of claims capable of being brought under Section 609(c) of the FCRA (15 U.S.C. § 1681g(c)) (the "Chart Settlement Class Released Claims").

Subject to the Court's approval, the Chart Settlement Class Members shall be bound by this Settlement Agreement and all of their Chart Settlement Class Released Claims shall be dismissed with prejudice and released as against the Released Parties, even if they never received actual notice of the settlement prior to the hearing for final approval of the settlement in this Litigation.

#### 7.4.2    Waiver of California Civil Code §1542

Chart Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe

to be true with respect to the subject matter of this Litigation and the Chart Settlement Class Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all Chart Settlement Class Released Claims, without regard to the subsequent discovery or existence of such different additional facts.  Chart Settlement Class Members waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Chart Settlement Class Members and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

### 7.4.3   Binding Release

Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection therewith shall affect the dismissal of the Litigation, the *res judicata* effect of the Final Judgment and Order, the foregoing releases, or any other provision of the Final Judgment and Order; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

### 7.4.4   Representation of Opt-Outs

Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Chart Settlement Class Members.  Based upon unique circumstances here, Class Counsel agree that class members who seek to opt-out should be represented by counsel who do

not agree that the Settlement Agreement is fair, reasonable, and in the best interests of the Chart Settlement Class Members.  Accordingly, Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for other appropriate counsel in any subsequent litigation of claims by such opt-outs against Defendant.

### 7.4.5    Opt-Out from Chart Settlement Class

#### 7.4.5.1    Requests for Exclusion

All Chart Settlement Class Members shall be given the opportunity to opt out of the Chart Settlement Class by submitting a Request for Exclusion. All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than thirty (30) days before the Final Approval Hearing.  To be valid, a Request for Exclusion must be personally signed and must include: (i) name, address and telephone number; (ii) and a statement substantially to the effect that: "I request to be excluded from the Chart Settlement Class in *Stokes v. RealPage, Inc.,* Case No. 2:15-cv-01520-JP, and *Jenkins v. RealPage, Inc.*, Case No. 2:15-cv-03894-JP, United States District Court, Eastern District of Pennsylvania." A Request for Exclusion submitted on the Opt-Out Form shall be presumed valid. Notwithstanding the foregoing, no person within the Chart Settlement Class, or any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Chart Settlement Class. Requests for Exclusion submitted *en masse* will be invalid.

#### 7.4.5.2    Verification of Opt-Outs by Settlement Administrator

The Settlement Administrator shall provide copies of the Requests for Exclusion to the Parties no later than ten (10) business days before the Final Approval Hearing. By that same date, the Settlement Administrator shall provide to Class Counsel, who shall file it with the Court, a declaration verifying that notice has been provided to the Chart Settlement Class as set forth herein

and listing all of the valid opt-outs received.

### 7.4.5.3   Effect of Opt-Out from Chart Settlement Class

All individuals within the Chart Settlement Class who timely submit a valid Request for Exclusion will exclude themselves from the Chart Settlement Class and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims he or she claims to have against Defendant. Any such individual within the Chart Settlement Class who so opts out will not be bound by further orders or judgments in the Action as it relates to the Chart Settlement Class, and will preserve their ability to independently pursue, at their own expense, any individual, non-class, non-representative claims for damages they may have against Defendant.  In the event of ambiguity as to whether someone has requested to be excluded, the Chart Settlement Class Member shall be deemed not to have requested exclusion pursuant to this Section.  No person who has opted out of the Chart Settlement Class may object to any part of this Settlement Agreement.

### 7.4.5.4   Objections from Chart Settlement Class Members

Any Chart Settlement Class Member who has not previously opted-out in accordance with the terms above and who intends to object to this Settlement Agreement must file their objection in writing with the Court no later than sixty (60) days after mailing of the Chart Settlement Class Mail Notice, and must concurrently serve the objection on all counsel in this action and the Settlement Administrator.  The objection must include the following: (1) the Chart Settlement Class Member's full name, address and current telephone number, (2) if the individual is represented by counsel, the name and telephone number of their counsel, (3) all objections and the basis for any such objections stated with specificity, (4) the identity of any witnesses the objector may call to testify, (5) a listing of all exhibits the objector intends to introduce into evidence at the

Final Approval Hearing as well as true and correct of copies of such exhibits, and (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Chart Settlement Class Member who fails to timely file and serve a written objection pursuant to this Paragraph shall not be permitted to object to the approval of the Settlement or this Settlement Agreement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## 8.   SETTLEMENT FUNDS

### 8.1   Settlement Funds

Within thirty (30) days after the Effective Date, Defendant shall deposit the Expungement Settlement Fund into the Expungement Escrow Account and the Source and Chart Settlement Fund into the Source and Chart Escrow Account.   These two Settlement Funds will be the amount awarded by the Court as the total monetary consideration to the Settlement Classes identified in this Settlement Agreement, and inclusive of any and all payment of attorneys' fees, costs, administrative fees, notice expenses, and any other expenses described herein.   The amount awarded by the Court as the Expungement Settlement Fund shall total, and not exceed, One Hundred Forty-Three Thousand Dollars ($143,000.00).   The amount awarded by the Court as the Source and Chart Settlement Fund shall total, and not exceed, Nine Hundred Thirty-Six Thousand Two Hundred Dollars ($936,200.00).   Defendant shall not be ordered or required to pay any other award or any other fees, costs, or expenses aside from the Settlement Funds as provided for herein. The two escrow accounts will be managed by the Escrow Agent.

### 8.2   Settlement Fund Tax Status

**8.2.1**   The Parties agree to treat the Settlement Funds as being at all times "qualified settlement funds" within the meaning of Treas. Reg. § 1.468B-1.   In addition, the

Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Subsection, including the "relation back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

      **8.2.2**    For the purpose of Treasury Regulation § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement Administrator. The Settlement Administrator shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Funds (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns shall be consistent with this Subsection and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Funds shall be paid out of the respective settlement fund as provided herein.

      **8.2.3**    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Funds, including any Taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Funds for any period during which the Settlement Funds do not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this Subsection (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns ("Tax Expenses")), shall be paid out of the respective settlement fund for which the income was earned or expense or cost incurred; in

no event shall the Released Parties have any responsibility for or liability with respect to the Taxes

or the Tax Expenses.  The Settlement Administrator shall indemnify and hold the Released Parties

harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of

any such indemnification).  Further, Taxes and Tax Expenses shall be timely paid by the Settlement

Administrator out of the two Settlement Funds without prior order from the Court, and the Escrow

Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from

distribution any funds necessary to pay such amounts, including the establishment of adequate

reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be

withheld under Treas. Reg. § 1.468B-2(l)); the Released Parties are not responsible therefore nor

shall they have any liability with respect thereto.  The Parties hereto agree to cooperate with the

Settlement Administrator, each other, and their tax attorneys and accountants to the extent

reasonably necessary to carry out the provisions of this Section.

### 8.3      Attorneys' Fees, Costs, and Other Expenses Paid from Settlement Funds

No later than ten (10) business days prior to the Final Approval Hearing, Class Counsel

shall make an application to the Court for an award of attorneys' fees, costs, and other expenses

for their representation of the Expungement Settlement Class, Source Settlement Class, and Chart

Settlement Class to be paid from, and not to exceed one-third (1/3) of, each of the respective

Settlement Funds.  Class Counsel's application shall also request that the Court specifically

approve all of the terms of this section.  Defendant agrees not to oppose or object to the application

by Class Counsel for attorneys' fees, costs, and other expenses in an amount to be paid exclusively

from the Settlement Funds.  The award shall include all fees, costs, and other expenses for all

attorneys (and their employees, consultants, experts, and other agents) who performed work in

connection with the Litigation of the claims on behalf of the Expungement Settlement Class

Members, the Source Settlement Class Members, and the Chart Settlement Class Members. Regardless of the number of attorneys sharing in the Court's award of attorneys' fees, costs, and other expenses, the Defendant shall not be required to pay any award in addition to or in excess of the Settlement Funds.  This agreement with respect to attorneys' fees, costs, and other expenses was not negotiated until after the substantive terms of this Settlement Agreement (including, without limitation, the injunctive relief and amount of the Settlement Funds) had been negotiated and agreed upon during the mediations and subsequent settlement discussions.

### 8.3.1    Service Awards Paid from Settlement Funds

No later than ten (10) business days prior to the Final Approval Hearing, Named Plaintiffs shall make an application to the Court for the Court's approval of a Service Award of $10,000 for each Named Plaintiff to be paid from the Settlement Funds.  Defendant agrees not to oppose a Service Award of $10,000 for each Named Plaintiff to be paid from the Settlement Funds.  The Parties' agreement to the foregoing Service Award was not negotiated until after the substantive terms of this Settlement Agreement (including, without limitation, the injunctive relief and amount of the Settlement Funds) had been negotiated and agreed upon during mediations and subsequent settlement discussions.  These Service Awards shall constitute the sole consideration for such individuals being Named Plaintiffs, and shall be made separately from any attorneys' fees.

### 8.3.2    Payment Schedule

If Class Counsel's request for an award of attorneys' fees, costs, and other expenses has been finally approved by the Court and upheld on any appeal, then, after funding of the Expungement Escrow Account and Source and Chart Escrow Account, the Escrow Agent shall disburse the respective amounts of such award from the escrow accounts to Class Counsel within thirty-five (35) days after the Effective Date.  The Service Awards, subject to Court approval, shall

be paid in the amount approved by the Court within the later of: (1) thirty-five (35) days after the Effective Date; or (2) fourteen (14) days after receipt by the Escrow Agent of each Named Plaintiff's completed W-9 form.

The Escrow Agent shall provide an accounting of the Expungement Escrow Account and the Source and Chart Escrow Account within forty-five (45) days after the Effective Date, which shall include any past, pending, or expected disbursements of attorneys' fees and service awards as well as any and all administrative expenses incurred or expected.  All administrative fees and costs, including the costs of providing notice to class members hereunder, must then be paid out of the respective Settlement Funds prior to any disbursements to any class members.

Any amounts remaining in the Expungement Escrow Account after the payments detailed above for attorneys' fees, costs, Service Awards, administrative fees, and class notice costs and expenses shall be distributed to each Expungement Settlement Class who provides a completed W-9 form to the Escrow Agent with each member of the Expungement Settlement Class receiving an equal share of that amount from the Escrow Agent.

Any amounts remaining in the Source and Chart Escrow Account after the payments detailed above for attorneys' fees, costs, Service Awards, administrative fees, and class notice costs and expenses shall be distributed to the Source Settlement Class by the Escrow Agent with each member of the Source Settlement Class receiving an equal share of that amount.

The Escrow Agent shall make one attempt to deliver any payments returned as undeliverable within 45 days of the initial mailing.  Any checks not cashed within 90 days of delivery (or any checks that were undeliverable) shall revert to the respective escrow account on which they were to be drawn.  The Escrow Agent shall provide an accounting of the Expungement Escrow Account and Source and Chart Escrow Account one hundred fifty (150) days after the

Effective Date, which will include an accounting of all administrative expenses and costs.  Within fourteen (14) days following this accounting, any remaining funds shall be used to reimburse the Defendant for the monies paid by Defendant for the CAFA notices required by sections 5.2.5, 6.2.5, and 7.2.5.   If any monies remain after reimbursing Defendant for the CAFA notices, the remaining funds shall be paid to the Actual Innocence Clinic at The University of Texas School of Law, a non-profit entity, and which the Parties jointly submit to the Court for approval as a *cy pres* award in this action; provided, however, that such grant must stipulate that the grant amount may not be used in furtherance of litigation.

## 9.     NAMED PLAINTIFFS' RELEASE OF CLAIMS

### 9.1.1    Release of All Claims

In consideration of the covenants and obligations provided for hereunder, the Named Plaintiffs, and each of them, and his or her respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors, assigns, and all those acting or purporting to act on their behalf acknowledge full satisfaction of, and shall be conclusively deemed to have fully, finally, and forever settled, released, and discharged all the Released Parties of and from all Claims arising before the Effective Date whether known or unknown, matured or unmatured, foreseen or unforeseen, suspected or unsuspected, accrued or unaccrued which the Named Plaintiffs ever had or now have resulting from or arising out of the facts and circumstances that were alleged (or that could have been alleged) in the Litigation, or any other complaints, pleadings or other papers filed or to be filed in the Litigation, including (but not limited to) any claims capable of being brought under the FCRA (15 U.S.C. §§ 1681, *et seq.*) ("Named Plaintiffs' Released Claims").

The Named Plaintiffs further forever release, waive, and agree to be barred from asserting any claims arising out of or relating to the claims in the Litigation on a class or other aggregate

basis. This includes initiating or joining a lawsuit filed as a class action (certified or uncertified) or other aggregate proceedings, either as a named plaintiff or a class member.

**9.2**      **Waiver of California Civil Code §1542**

The Named Plaintiffs acknowledge that they are aware that they may hereafter discover facts in addition to or different from those that they or Class Counsel now know or believe to be true with respect to the subject matter of this Litigation and the Named Plaintiffs' Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release any and all of the Named Plaintiffs' Released Claims, without regard to the subsequent discovery or existence of such different additional facts.  The Named Plaintiffs waive any and all rights and benefits afforded by California Civil Code § 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Named Plaintiffs and Class Counsel understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable federal or state law relating to limitations on releases.

## 10.     ENTRY OF FINAL JUDGMENT AND ORDER

The Parties shall jointly seek entry by the Court of a Final Judgment and Order that includes provisions:

a)      granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

b)      ruling on Class Counsel's applications for attorneys' fees, costs, and other expenses;

c)      enjoining Defendant according to the specific terms as provided in Sections 5.3.1, 6.3.1, and 7.3.1;

d)      discharging and releasing the Released Parties, and each of them, from the Expungement Settlement Class Released Claims, Source Settlement Class Released Claims, and Chart Settlement Class Released Claims as provided in Sections 5.4, 6.4, and 7.4, respectively;

e)      permanently barring and enjoining all Expungement Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Expungement Settlement Class Released Claims;

f)      permanently barring and enjoining all Source Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Source Settlement Class Released Claims;

g)      permanently barring and enjoining all Chart Settlement Class Members from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Chart Settlement Class Released Claims;

h)      directing that the Litigation be dismissed with prejudice and without costs;

i)      stating pursuant to Federal Rules of Civil Procedure, Rule 54(b) that there is no just reason for delay and directing that the Final Judgment and Order is a final, appealable order; and

j)      reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Judgment and Order as provided in Section 12.4.

## 11.    TERMINATION

Defendant's willingness to settle this Litigation on a class-action basis and to agree to the accompanying certification of the tentative Expungement Settlement Class, Source Settlement Class, and Chart Settlement Class is dependent upon achieving finality in this Litigation and the desire to avoid the expense of this and other litigation.  Consequently, Defendant has the right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement to the Named Plaintiffs or to members of the Expungement Settlement Class, Source Settlement Class, or Chart Settlement Class, if any of the following conditions subsequent occurs:

a)    the Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Expungement Settlement Class Claims;

b)    the Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Source Settlement Class Claims;

c)    the Parties fail to obtain and maintain preliminary approval of the proposed settlement of the Chart Settlement Class Claims;

d)    any court requires a notice program in addition to or in any form other than as specifically set forth in Sections 5.2, 6.2, and 7.2, and attached Exhibits E through G;

e)    any court requires Defendant to comply with obligations or requirements that are greater than or materially different from the Expungement Settlement Class Injunctive Relief;

f)    any court requires Defendant to comply with obligations or requirements that are greater than or materially different from the Source Settlement Class Injunctive Relief;

g)    any court requires Defendant to comply with obligations or requirements that are greater than or materially different from the Chart Settlement Class Injunctive Relief;

h)      any court orders the Defendant to pay, in the aggregate, and inclusive of attorneys' fees, costs, and other expenses in connection with the Litigation, in excess of One Hundred Forty-Three Thousand Dollars ($143,000.00) in connection with the settlement of the Expungement Settlement Class.

i)      any court orders the Defendant to pay, in the aggregate, and inclusive of attorneys' fees, costs, and other expenses in connection with the Litigation, in excess of Nine Hundred Thirty-Six Thousand Two Hundred Dollars ($936,200.00) in connection with the settlement of the Source Settlement Class;

j)      any court orders the Defendant to pay, in the aggregate, and inclusive of attorneys' fees, costs, and other expenses in connection with the Litigation, any sum of money in connection with the settlement of the Chart Settlement Class,

k)      more than six (6) members of the Expungement Settlement Class opt out of the proposed settlement;

l)      more than 93 members of the Source Settlement Class opt out of the proposed settlement;

m)      more than 300 members of the Chart Settlement Class opt out of the proposed settlement;

n)      the Court fails to enter a Final Judgment and Order consistent with the provisions in Section 10;

o)      the settlement of the Expungement Settlement Class Claims is not upheld on appeal, including review by the United States Supreme Court;

p)      the settlement of the Source Settlement Class Claims is not upheld on appeal, including review by the United States Supreme Court;

q)      the settlement of the Chart Settlement Class Claims is not upheld on appeal, including review by the United States Supreme Court;

r)      the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would require either material modification or termination of the Settlement Agreement; or

s)      the Defendant's insurer or insurers refuse to or otherwise fail to fund in full the Settlement Funds as provided for herein, subject to the exhaustion of the self-insured retention, if the Defendant gives notice of the termination of this Settlement Agreement within fifteen (15) days after the deadline for funding.

In addition, the Named Plaintiffs, Expungement Settlement Class, Source Settlement Class, Chart Settlement Class, or Class Counsel may cancel or terminate this Settlement Agreement in the event that the total number of Expungement Settlement Class Members exceeds one-hundred fifty (150), or the total number of Source Settlement Class Members exceeds five thousand (5,000), unless the Defendant then agrees to proportionately increase the amount of the Settlement Funds. In the event that the above right to cancel or terminate is exercised, then Defendant shall have no further obligations under this Settlement Agreement to the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, or the Chart Settlement Class, and shall have the right to terminate the entire Settlement Agreement and declare it null and void.

The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, Chart Settlement Class, or Class Counsel to cancel or terminate this Settlement Agreement.  The failure of the Court or any appellate court to approve in full the request of any Named Plaintiff for his or her Service Award

shall not be grounds for the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, Chart Settlement Class, or Class Counsel to cancel or terminate this Settlement Agreement.

If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Expungement Settlement Class, the Source Settlement Class, and the Chart Settlement Class shall all be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

## 12.    MISCELLANEOUS PROVISIONS

### 12.1    Best Efforts to Obtain Court Approval

Named Plaintiffs and Defendant, and the Parties' counsel, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject, however, to Defendant's rights to terminate the Settlement Agreement, as provided herein.

### 12.2    No Admission

This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

a)       offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiffs or defense asserted by Defendant, of the validity of any Claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that

has been or could have been asserted in the Litigation, or of any liability, negligence, fault, or wrongdoing on the part of Named Plaintiffs or Defendant;

b)      offered or received by or against Named Plaintiffs or Defendant as a presumption, concession, admission, or evidence of any violation of the FCRA or FCRA State Equivalents, or any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendant, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Judgment and Order including, without limitation, asserting as a defense the release and waivers provided herein;

c)      offered or received by or against Named Plaintiffs or Defendant as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then Named Plaintiffs or Defendant may refer to it to enforce their rights hereunder; or

d)      construed as an admission or concession by Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, the Chart Settlement Class, or Defendant that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

### 12.3     Process for Resolution of Disputes Regarding Compliance with Settlement Agreement

If any member of the Expungement Settlement Class, the Source Settlement Class, or Chart Settlement Class has a claim or dispute regarding Defendant's compliance with this Settlement Agreement, including but not limited to the injunctive relief provided for herein, then such Class Member first must submit, *pro se* or through counsel, his or her dispute directly to the Defendant before taking any other action. Upon receipt of such a dispute, the Defendant will investigate the dispute and respond to the Class Member within thirty days. The Defendant's response must state the results of the Defendant's investigation of the allegation of non-compliance with the Settlement Agreement and any action taken or to be taken to address the Class Member's dispute; or, if additional information is required for the Defendant to complete its investigation, the Defendant's response must identify the specific additional information that is required. Upon the Class Member's submission of all of the additional information required (as set forth in the Defendant's response), the Defendant will have thirty days to complete its investigation of the Class Member's dispute regarding the allegation of non-compliance with the Settlement Agreement and to provide a response containing the results of its investigation and any action taken or to be taken to address the dispute.

If, after the dispute resolution process described above has been completed, the Class Member wants to seek additional remedies, then he or she may submit his or her dispute regarding the allegation of non-compliance with the Settlement Agreement to the Court (pursuant to the Court's retention of exclusive jurisdiction under Section 12.4) under the caption for this Litigation. The Class Member's submission to the Court must include copies of all correspondence between the Class Member and the Defendant regarding the dispute prior to the submission. The Court shall have exclusive and sole jurisdiction to resolve the dispute.

This section is not intended to govern or apply to allegations of a violation of state or federal law, such as the FCRA, except as might otherwise relate to Defendant's compliance with this Settlement Agreement.

### 12.4    Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.  The Court also shall retain exclusive jurisdiction (a) over any subsequent claim against Defendant subject to the dispute process described in Section 12.3 and (b) over any determination of whether a subsequent suit is released by the Settlement Agreement. Any such subsequent suit against Defendant necessarily raises the threshold issue of whether the plaintiff in such suit is a member of the Expungement Settlement Class, the Source Settlement Class, or the Chart Settlement Class in this Litigation such that his or her subsequent suit is prohibited under the terms of this Settlement Agreement.

### 12.5    Settlement Notices

Except for the Expungement Settlement Class Notice Plan, the Source Settlement Class Notice Plan, and the Chart Settlement Class Notice Plan as provided for in Sections 5.2, 6.2 and 7.2 above, all other notices or formal communications under this Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage pre-paid; or (iii) by overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, and the Chart Settlement Class:

> James Arthur Francis
> John Soumilas
> David A. Searles

Lauren K.W. Brennan
Francis & Mailman PC
Land Title Building
100 S. Broad Street, 19th Floor
Philadelphia, PA  19110

Sharon M. Dietrich
Community Legal Services, Inc.
1424 Chestnut Street
Philadelphia, PA  19102

Kristi C. Kelly
Andrew J. Guzzo
4084 University Drive
Suite 202A
Fairfax, VA 22030

For Defendant:

David Monk
Chief Legal Officer
RealPage, Inc.
2201 Lakeside Blvd.
Richardson, TX 75082

Mark Alan Aronchick
Sharon F. McKee
One Logan Square, 27th Floor
18th & Cherry Streets
Philadelphia, PA 19103-6933

Ronald I. Raether, Jr.
Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

### 12.6   **Administrative Costs**

Except as otherwise provided for herein, each of the Named Plaintiffs and the Defendant shall be solely responsible for his, her, or its own costs and expenses.

### 12.7    Taxes

Named Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

### 12.8    Communication with Customers, Business Contacts, and Members of the Public

Defendant reserves the right to communicate with its customers, business contacts, and members of the public in the ordinary course of business.  The Parties further agree to cooperate with each other and the Settlement Administrator in connection with any communications to respective class members or others, as may be necessary to effectuate the terms of this Settlement Agreement.

### 12.9    Confidentiality of Discovery Materials and Information

The Parties, their counsel, and any experts in this Litigation, agree that they remain subject to the Court's Stipulated Protective Order dated March 3, 2015 entered in the Jenkins Action.

### 12.10   Complete Agreement

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by and among Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, the Chart Settlement Class, Defendant, and their counsel.  In entering into this Settlement Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein.  This Settlement Agreement shall not be modified except by a writing executed by all the Parties.

### 12.11   Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### 12.12   Severability

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Agreement shall continue in full force and effect without said provision to the extent Defendant does not exercise its right to terminate under Section 11.

### 12.13   No Party Is the Drafter

None of the Parties to this Settlement Agreement shall be considered to be the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

### 12.14   Binding Effect

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of, the Named Plaintiffs, the Expungement Settlement Class, the Source Settlement Class, the Chart Settlement Class, the Defendant, the Released Parties, and their respective successors and assigns.

### 12.15   Authorization to Enter Settlement Agreement

The individual signing this Settlement Agreement on behalf of the Defendant represents that s/he is fully authorized by the Defendant to enter into, and to execute, this Settlement Agreement on its behalf.  Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for Defendant on behalf of Named Plaintiffs, and to enter into, and to execute, this Settlement Agreement on behalf of the Expungement Settlement Class, the Source Settlement Class, and the Chart Settlement Class, subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).  Each Named Plaintiff enters into and executes this Settlement Agreement on behalf of himself or herself, and as a representative of and on behalf

of the Expungement Settlement Class, the Source Settlement Class, and the Chart Settlement Class, subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule 23(e).

### 12.16   Execution in Counterparts

Named Plaintiffs, Class Counsel, Defendant, and Defendant's counsel may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument.  Facsimile and scanned signatures shall be considered as valid signatures as of the date signed, although the original signature pages shall thereafter be appended to the Settlement Agreement.  This Settlement Agreement shall not be deemed executed until signed by all Named Plaintiffs, by all Class Counsel, and by counsel for and representatives of Defendant.

[SIGNATURES ON FOLLOWING PAGES]

**Named Plaintiffs:**

_Helen Stokes_

Helen Stokes

James Jenkins

**Counsel for Named Plaintiffs and
Settlement Classes:**

Matthew James Erausquin
Casey S. Nash
Consumer Litigation Associates, P.C.
763 J Clyde Morris Boulevard
Suite 1A
Newport News, VA 23601

James Arthur Francis
John Soumilas
David A. Searles
Lauren K.W. Brennan
Francis & Mailman PC
Land Title Building
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110

Sharon M. Dietrich
Community Legal Services
1424 Chestnut Street
Philadelphia, PA 19102

Kristi C. Kelly
Andrew J. Guzzo
4084 University Drive
Suite 202A
Fairfax, VA 22030

**Defendant**

W. R. Hill

_____
RealPage, Inc.

Name: _W. Bryan Hill_____

Title: _Chief Financial Officer_

**Counsel for Defendant RealPage, Inc.:**

Mark Alan Aronchick
Sharon F. McKee
One Logan Square, 27th Floor
18th & Cherry Streets
Philadelphia, PA 19103-6933

Ronald I. Raether, Jr.
Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614

64

# EXHIBIT A

[INSERT DATE]

<u>**Via Overnight Delivery**</u>

The United States Attorney General and All
State Attorneys General Identified on the
Attached Service List

Re:    Notice Pursuant to the Class Action Fairness Act of 2005 in connection with *Stokes v. RealPage, Inc.*, Case No. 2:15-cv-01520-JP (E.D. Penn) and *Jenkins v. RealPage, Inc.*, Case No. 2:15-cv-03894-JP (E.D. Penn)

Dear Sir or Madam:

On behalf of RealPage, Inc. ("Defendant"), and in accordance with the requirements of the Class Action Fairness Act of 2005, *see* 28 U.S.C. § 1715(b), this letter provides notice of a proposed settlement of the putative class actions captioned *Stokes v. RealPage, Inc.*, Case No. 2:15-cv-01520-JP (E.D. Penn) and *Jenkins v. RealPage, Inc.*, Case No. 2:15-cv-03894-JP (E.D. Penn).

Section 1715 requires defendants participating in a proposed class action settlement to serve upon appropriate federal and state officials a notice containing information responsive to eight items enumerated in the statute. Defendant's responses to each of these items are below. Also enclosed is a CD containing documents relating to the settlement, as required by Section 1715. If you have any difficulty accessing any of the documents on the enclosed CD, please contact the undersigned.

***Item 1:***    *A copy of the complaint, any materials filed with the complaint, and any amended complaints. 28 U.S.C. § 1715(b)(1).*

Plaintiff Helen Stokes ("Stokes") filed a Class Action Complaint on March 3, 2015 in the United States District Court for the Eastern District of Pennsylvania, a copy of which is included on the enclosed CD as Exhibit 1. Plaintiff Stokes did not attach any materials to the Class Action Complaint and has not filed any amendment to the Class Action Complaint.

Plaintiff James Jenkins ("Jenkins") filed a Class Action Complaint on November 5, 2014 in the United States District Court for the Eastern District of Virginia, a copy of which

[INSERT DATE]
Page 2

is included on the enclosed CD as Exhibit 2.  Plaintiff Jenkins did not attach any materials to the Class Action Complaint and has not filed any amendment to the Class Action Complaint.  On July 13, 2015, the Jenkins Action was transferred from the United States District Court for the Eastern District of Virginia to the United States District Court for the Eastern District of Pennsylvania as a case related to the Stokes Action.

**Item 2:**      *Notice of any scheduled judicial hearing in the class action.  28 U.S.C. § 1715(b)(2).*

On [_____], 2017, the Court scheduled a hearing on the Joint Motion for Preliminary Approval of Settlement for [_____], 2017, at [_____] a.m.

**Items 3 and 4:**      *Any proposed or final notification to the class members.  28 U.S.C. § 1715(b)(3); any proposed or final class action settlement.  28 U.S.C. § 1715(b)(4).*

The parties have executed a Settlement Agreement and Release, which constitutes the proposed class action settlement.  A copy of the agreement is included on the enclosed CD as Exhibit 3.  On June __, 2017, the parties filed the Joint Motion for Preliminary Approval of Proposed Settlement (the "Joint Motion").  The Joint Motion explains the history of the litigation and summarizes the terms of the settlement.  A copy of the Joint Motion is included on the enclosed CD as Exhibit 4.  The Exhibits to the Joint Motion include notice plans for three classes.  The Joint Motion and all of its Exhibits are included on the enclosed CD.

The Parties' motion seeks approval of three settlement classes.  Separate notice plans are proposed for the three classes.  The notice plan for the Expungement Settlement Class provides for notice to class members through a combination of mail and email notice, and a class settlement website.  The mail notice is included on the enclosed CD as Exhibit 5.  The notice plan for the Source Settlement Class provides for notice to class members through a combination of a class settlement website and email and mail notice.  The mail notice is included on the enclosed CD as Exhibit 6. The notice plan for the Chart Settlement Class provides for notice to class members through a combination of a class settlement website and email and mail notice.  The mail notice is included on the enclosed CD as Exhibit 7.

**Item 5:**      *Any settlement or other agreement contemporaneously made between class counsel and counsel for the defendant.  28 U.S.C. § 1715(b)(5).*

No settlement or other agreement was contemporaneously made between counsel for Defendants, on the one hand, and class counsel or counsel to the Plaintiffs.

[INSERT DATE]
Page 3

**Item 6:**     *Any final judgment or notice of dismissal.  28 U.S.C. § 1715(b)(6).*

No final judgment or notice of dismissal has yet been entered.

**Item 7:**     *Either (i) the names of class members who reside in each State and estimated proportionate share of such members to the entire settlement; or, (ii) if not feasible, a reasonable estimate of the number of class members residing in each State and estimated proportionate share of such members to the entire settlement.  28 U.S.C. § 1715(a)(7)(A)-(B).*

A list of the Expungement Settlement Class Members who reside in each state in included on the enclosed CD as Exhibit 8.

A list of the Source Settlement Class Members who reside in each state in included on the enclosed CD as Exhibit 9.

A list of the Chart Settlement Class Members who reside in each state in included on the enclosed CD as Exhibit 10.

**Item 8:**     *Any written judicial opinions relating to subparagraphs (3) through (6) under § 1715.  28 U.S.C. § 1715(b)(8).*

The Court has not entered an order or opinion relating to the Joint Motion or any of the matters referenced in Items 3 through 6 above.

*               *               *

The table below provides an index of the materials that we have included on the enclosed CD.

|     | **Description** |
| --- | --- |
| 1.  | Stokes Class Action Complaint filed March 3, 2015 |
| 2.  | Jenkins Class Action Complaint filed November 5, 2014 |
| 3.  | Class Action Settlement Agreement and Release |
| 4.  | Joint Motion for Preliminary Approval of Proposed Settlement |
| 5.  | Proposed Form of Mail Notice to the Expungement Settlement Class |

[INSERT DATE]
Page 4

| 6. | Proposed Form of Mail Notice to the Source Settlement Class |
|----|--------------------------------------------------------------|
| 7. | Proposed Form of Mail Notice to the Chart Settlement Class |
| 8. | List of Expungement Settlement Class Members |
| 9. | List of Source Settlement Class Members |
| 10. | List of Chart Settlement Class Members |

Sincerely,


[Name]
[Title]
American Legal Claims Services, LLC
Providing Notification as Settlement Administrator
On Behalf of Defendant
RealPage, Inc.

Enclosures (CD)


cc:         James Arthur Francis
            John Soumilas
            David A. Searles
            Lauren K.W. Brennan
            Sharon M. Dietrich
            Kristi C. Kelly
            Andrew J. Guzzo
            David Monk
            Mark Alan Aronchick
            Sharon F. McKee
            Ronald I. Raether, Jr.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN STOKES, on behalf of herself and all other similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>REALPAGE, INC.,<br><br>                    Defendant. | Case No. 2:15-cv-01520-JP |
| JAMES JENKINS, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>REALPAGE, INC.,<br><br>                    Defendant. | Case No. 2:15-cv-03894-JP |

**INJUNCTIVE RELIEF ORDER**

On [_____], 2017, the Court entered its Order granting the Motion for Final Approval of Class Action Settlement and Entry of Final Judgment and Order (Docket No. ___). Pursuant to that Order and Section 5.3.1 of the Settlement Agreement and Release, dated June __, 2017 (the "Settlement Agreement"), the Court enters this Injunctive Relief Order and hereby orders that Defendant RealPage, Inc. ("Defendant") comply with the following:

1.    For purposes of this Injunctive Relief Order, the Court adopts and incorporates the definitions and meanings of the defined terms set forth in the Settlement Agreement. The terms of this Injunctive Relief Order are intended to reflect the Injunctive Relief provisions in the

Settlement Agreement and shall not be construed to impose any obligations or requirements in addition to those set forth in the Settlement Agreement.

2.      With respect to all criminal records identified on a LifeCycle File as having been expunged, Defendant will confirm with its data supplier that any such criminal records are not included in any database used to produce its tenant screening reports.

3.      When a consumer makes a request under Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a copy of that consumer's file, Defendant agrees to disclose the name of the vendor that retrieved any criminal record information in the consumer's file at the time of such request.

4.      Defendant shall provide the complete chart of federal agencies responsible for enforcing any provision of the FCRA, including the address and any appropriate phone number of each agency, in the long form notice posted on the Settlement Website for as long as the website is operational.

5.      <u>DISPUTE RESOLUTION PROCESS</u>

5.1      If any member of the Expungement Settlement Class, the Source Settlement Class, or Chart Settlement Class has a claim or dispute regarding Defendant's compliance with this Settlement Agreement, including but not limited to the injunctive relief applicable to that Class Member, then such Class Member first must submit, *pro se* or through counsel, his or her dispute directly to the Defendant before taking any other action.  Upon receipt of such a dispute, the Defendant will investigate the dispute and respond to the Class Member within thirty (30) days.  The Defendant's response must state the results of the Defendant's investigation of the allegation of non-compliance with the Settlement Agreement and any action

taken or to be taken to address the Class Member's dispute; or, if additional information is required for the Defendant to complete its investigation, the Defendant's response must identify the specific additional information that is required.  Upon the Class Member's submission of all of the additional information required (as set forth in the Defendant's response), the Defendant will have thirty (30) days to complete its investigation of the Class Member's dispute regarding the allegation of non-compliance with the Settlement Agreement and to provide a response containing the results of its investigation and any action taken or to be taken to address the dispute.

   5.2 If, after the dispute resolution process described above has been completed, the Class Member wants to seek additional remedies, then he or she may submit his or her dispute regarding the allegation of non-compliance with the Settlement Agreement to the Court (pursuant to the Court's retention of exclusive jurisdiction under Section 12.4 of the Settlement Agreement) under the caption for this Litigation.  The Class Member's submission to the Court must include copies of all correspondence between the Class Member and the Defendant regarding the dispute prior to the submission.  The Court shall have exclusive and sole jurisdiction to resolve the dispute.

   5.3 Any action by Defendant determined in good faith to be reasonably necessary to comply with any federal, state, or local law, enactment, regulation, or judicial ruling shall not constitute a breach of the Settlement Agreement or this Order.  In the event that any obligation that Defendant has agreed to undertake in the Expungement Settlement Class Injunctive Relief, Source Settlement Class Injunctive Relief, or Chart Settlement Class Injunctive Relief becomes inconsistent with any future federal, state, or local law, enactment, regulation, or judicial ruling or if the Expungement Settlement Class, Source Settlement Class, or

Chart Settlement Class (or any subset thereof) agrees to impose less stringent requirements on any competitor of Defendant, then Defendant shall be released from performing such obligation after notice to the Court and Class Counsel.  Any objection to such change in procedure shall be made to the Court by Class Counsel within ten (10) days of such notice.  Notwithstanding the above, the Parties agree that the Expungement Settlement Class Injunctive Relief and Source Settlement Class Injunctive Relief provided for herein shall continue for a period of two (2) years.

6.    The Court reserves continuing and exclusive jurisdiction over the parties with respect to all matters relating to this Injunctive Relief Order, including its administration, interpretation, effectuation, and enforcement of its provisions pursuant to the dispute resolution process in Section 12.3 of the Settlement Agreement.  None of the parties, including any Expungement Settlement Class Member, Source Settlement Class Member, or Chart Settlement Class Member shall be entitled to the recovery of attorney's fees, costs or other expenses in connection with any efforts to monitor compliance with this Injunctive Relief Order.

**IT IS SO ORDERED.**

DATED:  [_____], 2017

_____
HONORABLE JOHN R. PADOVA
UNITED STATES DISTRICT JUDGE

4

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HELEN STOKES, on behalf of herself and all other similarly situated,**<br><br>               **Plaintiffs,**<br><br>**v.**<br><br>**REALPAGE, INC.,**<br><br>               **Defendant.** | **Case No. 2:15-cv-01520-JP** |
| **JAMES JENKINS, individually and on behalf of all others similarly situated,**<br><br>               **Plaintiffs,**<br><br>**v.**<br><br>**REALPAGE, INC.,**<br><br>               **Defendant.** | **Case No. 2:15-cv-03894-JP** |

## FINAL APPROVAL ORDER

This matter, having come before the Court on Plaintiffs' Motion for Final Approval of the proposed class action settlement with Defendant RealPage, Inc.; the Court having considered all papers filed and arguments made with respect to the settlement, and having provisionally certified, by Order entered _____, 2017, three Settlement Classes, and the Court, being fully advised in the premises, finds that:

      1.    This action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Classes as defined in the Settlement Agreement are so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Settlement Classes, the claims of the Class Representatives are typical of

the claims of the Settlement Classes, and the Class Representatives will fairly and adequately protect the interests of the Settlement Classes.  Questions of law and fact common to the members of the Settlement Classes predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2.     Notice to the Settlement Classes required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order. Such Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

3.     The Defendant has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.  The Court has reviewed such notification and accompanying materials, and finds that the Defendant's notification complies fully with the applicable requirements of CAFA.

4.     The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representatives.

5.     The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to the members of the Settlement Classes in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

6.     The relief provided under the settlement constitutes fair value given in exchange for the release of claims only against the Released Parties.

7.     The persons listed on Exhibit A hereto have validly excluded themselves from the Settlement Classes in accordance with the provisions of the Preliminary Approval Order.

8.     The parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

9.     It is in the best interests of the parties and the Settlement Class Members and consistent with principles of judicial economy that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

10.     This action is a class action against Defendant RealPage, Inc. on behalf of three classes of consumers defined as follows (the "Settlement Classes"):

**The Chart Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, requested a copy of their consumer report from Defendant, and received with the disclosure a chart that failed to provide the full address and phone number for every agency responsible for enforcing any provision of the FCRA.

**The Expungement Settlement Class:**  All persons residing in the United States of America (including its territories and Puerto Rico) about whom, from March 3, 2013 through the date when the Court enters its Preliminary Approval Order, about whom Defendant prepared a consumer report which included information regarding one or more criminal cases which at the time the report was prepared by Defendant had been expunged or sealed and a Lifecycle File identified the record as having been expunged or sealed prior to the date of the report.

**The Source Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5,

3

2012 through the date when the Court enters its Preliminary Approval Order, made a request pursuant to Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a file copy, and received a disclosure containing a criminal record in their file which did not include the identity of the public record vendor which had retrieved the criminal record(s) included in their file disclosure.

11.     The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Classes and the parties are directed to consummate the Settlement Agreement in accordance with its terms.

12.     This action is hereby dismissed on the merits, with prejudice and without costs.

13.     As agreed by the parties in the Settlement Agreement, upon the Effective Date, the Released Parties shall be released and discharged in accordance with the Settlement Agreement.

14.     Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.   In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendant and each member of the Settlement Classes for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.   Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.   Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members

are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15.     Upon consideration of Class Counsel's application for fees and reimbursement of expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

16.     Upon consideration of the application for an individual settlement and service award, the Class Representatives, Helen Stokes and James Jenkins, are each awarded the sum of ten thousand dollars ($10,000.00) in consideration of their individual claims against the Defendant and for the valuable service they have performed for and on behalf of the Settlement Classes.

17.     The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

_____
JOHN R. PADOVA
U.S.D.J.

Dated: _____

# EXHIBIT D

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HELEN STOKES, on behalf of herself and all other similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | **Case No. 2:15-cv-01520-JP** |
| **REALPAGE, INC.,** | |
| **Defendant.** | |
| **JAMES JENKINS, individually and on behalf of all others similarly situated,** | |
| **Plaintiffs,** | |
| | **Case No. 2:15-cv-03894-JP** |
| **v.** | |
| **REALPAGE, INC.,** | |
| **Defendant.** | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO CLASS**

The Court, having reviewed the Settlement Agreement entered by the parties, hereby

Orders that:

1.      The Court has considered the proposed settlement of the claims asserted under the

Fair Credit Reporting Act ("FCRA") by three classes of consumers defined as follows (the

"Settlement Classes"):

> **The Chart Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, requested a copy of their consumer report from Defendant, and received with the disclosure a chart that failed to provide the full address and phone number for every agency responsible for enforcing any provision of the FCRA.

**The Expungement Settlement Class:**  All persons residing in the United States of America (including its territories and Puerto Rico) about whom, from March 3, 2013 through the date when the Court enters its Preliminary Approval Order, Defendant prepared a consumer report which included information regarding one or more criminal cases which at the time the report was prepared by Defendant had been expunged or sealed and a Lifecycle File identified the record as having been expunged or sealed prior to the date of the report.

**The Source Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, made a request pursuant to Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a file copy, and received a disclosure containing a criminal record in their file which did not include the identity of the public record vendor which had retrieved the criminal record(s) included in their file disclosure.

2.     The Settlement Agreement entered between the parties as of June 16, 2017, appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Classes. Accordingly, the proposed settlement is preliminarily approved, pending a Final Approval Hearing as provided for herein.

3.     The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a)     The Expungement Settlement Class consists of 130 members; the Source Settlement Class, 4,681 members; and, the Chart Settlement Class, approximately 16,000 members;

(b)     the claims of the two Class Representatives are typical of those of the other members of the Settlement Classes;

(c)     there are questions of fact and law that are common to all members of the Settlement Classes; and

(d)    the Class Representatives will fairly and adequately protect the interests of the Settlement Classes and have retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Classes.

4.    For settlement purposes only, this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Classes predominate over any questions affecting only individual members.

5.    If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Expungement Settlement Class, the Source Settlement Class, and the Chart Settlement Class shall all be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6.    The Court appoints Plaintiff Helen Stokes and Plaintiff James Jenkins as the Class Representatives.  The Court also appoints James A. Francis, John Soumilas, David A. Searles of the law firm of Francis & Mailman, P.C.; Sharon M. Dietrich of Community Legal Services, Inc.; Matthew J. Erausquin and Casey S. Nash of Consumer Litigation Associates, P.C.; and, Kristi C. Kelly and Andrew J. Guzzo of Kelly & Crandall, PLC as counsel for the Class ("Class Counsel").

7.    The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2017 *(at least 150 days after entry of Preliminary Approval Order)* at the

United States District Court, 601 Market Street, Philadelphia, Pennsylvania 19106 in Courtroom 17-B at _____, _.m. for the following purposes:

        (a)    To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

        (b)    To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

        (c)    To consider the application of Class Counsel for an award of attorney's fees and expenses, and for a service award to the Class Representatives; and

        (d)    To rule upon other such matters as the Court may deem appropriate.

8.    (a)    Within twenty (20) business days of entry of this Order, Defendant shall provide a Class List of the Settlement Class Members to the Settlement Administrator, who shall send the agreed upon Notices to the Settlement Class Members in accordance with the Notice Plan set forth in the Settlement Agreement.

        (b)    Not later than ten (10) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

9.    The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10.    If a Class Member chooses to opt-out of any applicable Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing.  A Class Member who submits a request for exclusion

using the procedure identified above shall be excluded from the Classes for any and all purposes. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of all people who have timely excluded themselves from the Settlement Classes and shall provide such list to Class Counsel and Defendant's Counsel, who will then report the names appearing on this list to the Court at or before the time of the Final Approval Hearing.

11.     A Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

12.     (a)  Any Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be postmarked within sixty (60) days after the date of mailing of the Settlement Notice.  The notice of objection shall be sent by First Class United States Mail, to Class Counsel, Defendant's Counsel, and the Clerk of the Court.

(b)     The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of their counsel; (3) all objections and the basis for any such objections stated with specificity; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of such exhibits; and, (6) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

13.     No later than ten (10) days prior to the Final Approval Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement.

14.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for individual service awards to the Class Representatives and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Approval Hearing.

15.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
JOHN R. PADOVA
U.S.D.J.

Dated:

# EXHIBIT E

# You Could Receive Benefits from a Class Action
# Settlement Involving Consumer Reporting

_____

A Settlement has been reached in a class action lawsuit involving certain consumer reports provided by RealPage, Inc. You could receive benefits from a $143,000 Settlement.

**What's this Case About?** RealPage provided consumer reports which may have included information regarding criminal cases that had previously been expunged or sealed. Plaintiff claims RealPage's procedures relating to these reports did not conform with a federal law, the Fair Credit Reporting Act ("FCRA"), but RealPage disagrees. Both sides agreed to the Settlement.

**Who's Included?** Based on RealPage records, you have been identified as an Expungement Settlement Class Member because RealPage prepared a consumer report relating to you which may have included information regarding one or more criminal cases which at the time the report was prepared had previously been expunged or sealed.

**What Does the Settlement Provide?** The Settlement establishes a $143,000 Settlement Fund for payments to Expungement Settlement Class Members and for attorneys' fees and costs. The amount of the award received by Expungement Settlement Class Members will depend on the number of individuals that remain in the Class. The parties estimate that the award to individual Class Members will be about $1,100. The proposed Settlement also provides that RealPage will confirm with its data supplier that any removed criminal records are not included in any database used to produce its tenant screening reports which will benefit Class Members.

**How to Get a Payment?** You do not have to do anything to request a payment. If the Court approves the Settlement you will automatically receive a payment. If your addresses changes please call 1-800-000-0000 to provide us your updated address.

**Your Other Rights.** If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is Month 00, 2017. If you do not exclude yourself you will not be able to sue RealPage for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by Month 00, 2017. The Court will hold a hearing on Month 00, 2017 to consider whether to approve the Settlement and a request for attorneys' fees up to one-third of the Settlement Fund. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing. You must let the Court know by Month 00, 2017 if you intend to do so.

_____

For more information:        1- 800-000-0000        http://www.leasingdesksettlement.com

# EXHIBIT F

# You Could Receive Benefits from a Class Action Settlement Involving Consumer Reporting

_____

A Settlement has been reached in two class action lawsuits involving certain consumer reports provided by RealPage, Inc. You could receive benefits from a $936,200 Settlement.

**What's this Case About?** RealPage provided certain consumer file disclosures containing criminal records which did not include the identity of the public record vendor which had retrieved the criminal record(s). Plaintiffs claim RealPage's procedures relating to these reports did not conform with a federal law, the Fair Credit Reporting Act ("FCRA"), but RealPage disagrees. Both sides agreed to the Settlement.

**Who's Included?** Based on RealPage records, you have been identified as a "Source Settlement Class Member" because RealPage may have provided you with a consumer file disclosure containing a criminal record which did not include the identity of the public record vendor which had retrieved the criminal record.

**What Does the Settlement Provide?** The Settlement establishes a $936,200 Settlement Fund for payments to Source Settlement Class Members and for attorneys' fees and costs. The amount of the award received by Source Settlement Class Members will depend on the number of individuals that remain in the Class. The parties estimate that the award to individual Class Members will be about $200. The proposed Settlement also provides that RealPage will disclose the name of the vendor that retrieved any criminal record information in a consumer's file when it receives such a consumer file request which will benefit Class Members.

**How to Get a Payment?** You do not have to do anything to request a payment. If the Court approves the Settlement you will automatically receive a payment. If your addresses changes please call 1-800-000-0000 to provide us your updated address.

**Your Other Rights.** If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is Month 00, 2017. If you do not exclude yourself you will not be able to sue RealPage for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by Month 00, 2017. The Court will hold a hearing on Month 00, 2017 to consider whether to approve the Settlement and a request for attorneys' fees up to one-third of the Settlement Fund. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing. You must let the Court know by Month 00, 2017 if you intend to do so.

_____

For more information:          1- 800-000-0000          http://www.leasingdesksettlement.com

# EXHIBIT G

# You Could Receive Benefits from a Class Action
# Settlement Involving Consumer Reporting

_____

A Settlement has been reached in a class action lawsuit involving the disclosure of certain contact information for regulators included when RealPage, Inc. responded to consumer requests for a copy of their file. You could receive benefits from a Settlement.

**What's this Case About?** RealPage provided certain consumer report disclosures that included a chart that failed to provide the full address and phone number for every agency responsible for enforcing a federal law, the Fair Credit Reporting Act ("FCRA"). Plaintiff claims RealPage's disclosures did not conform with the FCRA, but RealPage disagrees. Both sides agreed to the Settlement.

**Who's Included?** Based on RealPage records, you have been identified as a "Chart Settlement Class Member" because RealPage may have provided you with a file disclosure that included a chart that failed to provide the full address and phone number for every agency responsible for enforcing any provision of the FCRA.

**What Does the Settlement Provide?** The Settlement provides that RealPage shall provide the complete chart of federal agencies responsible for enforcing any provision of the FCRA, including the address and any appropriate phone number of each agency, in the long form notice posted on the Chart Class Settlement Website referenced below which will benefit Class Members.

**Your Other Rights.** If you do nothing, your rights will be affected. If you do not want to be legally bound by the Settlement, you must exclude yourself from the Settlement. The deadline to exclude yourself is Month 00, 2017. If you do not exclude yourself you will not be able to sue RealPage for any claim relating to the lawsuit. If you stay in the Settlement, you may object to it by Month 00, 2017. The Court will hold a hearing on Month 00, 2017 to consider whether to approve the Settlement. You can appear at the hearing, but you don't have to. You can hire your own attorney, at your own expense, to appear or speak for you at the hearing. You must let the Court know by Month 00, 2017 if you intend to do so.

_____

For more information:          1- 800-000-0000          http://www.leasingdesksettlement.com