
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HELEN STOKES**, on behalf of herself and all other similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**REALPAGE, INC.,**<br><br>        Defendant. | Case No. 2:15-cv-01520-JP |
| **JAMES JENKINS**, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>**REALPAGE, INC.,**<br><br>        Defendant. | FILED<br>AUG -3 2017<br>KATE BARKMAN, Clerk<br>By_____Dep. Clerk<br><br>Case No. 2:15-cv-03894-JP |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered by the parties, hereby Orders that:

1. The Court has considered the proposed settlement of the claims asserted under the Fair Credit Reporting Act ("FCRA") by three classes of consumers defined as follows (the "Settlement Classes"):

    **The Chart Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, requested a copy of their consumer report from Defendant, and received with the disclosure a chart that failed to provide the full address and phone number for every agency responsible for enforcing any provision of the FCRA.

**The Expungement Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) about whom, from March 3, 2013 through the date when the Court enters its Preliminary Approval Order, Defendant prepared a consumer report which included information regarding one or more criminal cases which at the time the report was prepared by Defendant had been expunged or sealed and a Lifecycle File identified the record as having been expunged or sealed prior to the date of the report.

**The Source Settlement Class:** All persons residing in the United States of America (including its territories and Puerto Rico) who, from November 5, 2012 through the date when the Court enters its Preliminary Approval Order, made a request pursuant to Section 609(a) of the FCRA [15 U.S.C. § 1681g(a)] for a file copy, and received a disclosure containing a criminal record in their file which did not include the identity of the public record vendor which had retrieved the criminal record(s) included in their file disclosure.

2. The Settlement Agreement entered between the parties as of June 30, 2017, appears, upon preliminary review, to be fair, reasonable and adequate to the Settlement Classes. Accordingly, the proposed settlement is preliminarily approved, pending a Final Approval Hearing as provided for herein.

3. The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a) The Expungement Settlement Class consists of 130 members; the Source Settlement Class of at least 4,681 members; and, the Chart Settlement Class, approximately 16,000 members;

(b) the claims of the two Class Representatives are typical of those of the other members of the Settlement Classes;

(c) there are questions of fact and law that are common to all members of the Settlement Classes; and

(d) the Class Representatives will fairly and adequately protect the interests of the Settlement Classes and have retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Settlement Classes.

4. For settlement purposes only, this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Classes predominate over any questions affecting only individual members.

5. If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Expungement Settlement Class, the Source Settlement Class, and the Chart Settlement Class shall all be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6. The Court appoints Plaintiff Helen Stokes and Plaintiff James Jenkins as the Class Representatives. The Court also appoints James A. Francis, John Soumilas, David A. Searles of the law firm of Francis & Mailman, P.C.; Sharon M. Dietrich of Community Legal Services, Inc.; Matthew J. Erausquin and Casey S. Nash of Consumer Litigation Associates, P.C.; and, Kristi C. Kelly and Andrew J. Guzzo of Kelly & Crandall, PLC as counsel for the Class ("Class Counsel").

7. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on February 6, 2018 at the United States District Court, 601 Market Street, Philadelphia, Pennsylvania 19106 in Courtroom 17-B at 10:30, a. m. for the following purposes:

(a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

(c) To consider the application of Class Counsel for an award of attorney's fees and expenses, and for a service award to the Class Representatives; and

(d) To rule upon other such matters as the Court may deem appropriate.

8. (a) Within ten (10) business days of entry of this Order, Class Counsel shall submit revised forms of notice as instructed by the Court at the August 2, 2017 hearing on preliminary approval.

(b) Within twenty (20) business days of entry of an Order approving the forms of notice, Defendant shall provide a Class List of the Settlement Class Members to the Settlement Administrator, who shall send the approved Notices to the Settlement Class Members in accordance with the Notice Plan set forth in the Settlement Agreement.

(c) Not later than ten (10) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

9. The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10. If a Class Member chooses to opt-out of any applicable Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, postmarked on or before the date specified in the Class Notice, which shall be no later than thirty (30) days before the date of the Final Approval Hearing. A Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Classes for any and all purposes. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare a list of all people who have timely excluded themselves from the Settlement Classes and shall provide such list to Class Counsel and Defendant's Counsel, who will then report the names appearing on this list to the Court at or before the time of the Final Approval Hearing.

11. A Class Member who does not file timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action.

12. (a) Any Class Member who wishes to be heard orally at the Final Approval Hearing, and/or who wishes for any objection to be considered, must file a written notice of objection to be postmarked within sixty (60) days after the date of mailing of the Settlement Notice. The notice of objection shall be sent by First Class United States Mail, to Class Counsel, Defendant's Counsel, and the Clerk of the Court.

(b) The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of their counsel; (3) all objections and the basis for any such objections stated with specificity; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, if any, as well as true and correct of copies of such exhibits; and, (6) a

statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

13. No later than ten (10) days prior to the Final Approval Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement.

14. All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for individual service awards to the Class Representatives and for an award of attorney's fees and expenses shall be filed not later than ten (10) days before the Final Approval Hearing.

15. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
JOHN R. PADOVA
U.S.D.J.

Dated:

8/3/2017